Dale Edward **WYCKOFF**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19919.

United States Court of Appeals Fifth Circuit.

March 14, 1963.

Frank P. Fullerton, El Paso, Tex., for appellant.

M. H. Raney, Asst. U. S. Atty., El Paso, Tex., Ernest Morgan, U. S. Atty., San Antonio, Tex., Fred J. Morton, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

Appellant was tried to a jury and convicted of the interstate trans-portation of a stolen motor vehicle in violation of the Dyer Act.[1] A careful reading of the record fails to disclose sufficient evidence of the quantity and quality necessary to support the verdict of guilt, particularly as to the crucial element, interstate transportation *after* the vehicle had "been stolen." The judgment is, therefore, reversed and the case remanded so that a new trial may be had if the Government can produce other evidence which will, in the opinion of the District Court, warrant a new trial. See Hamilton v. United States, 5 Cir., 1962, 304 F.2d 542, and cases therein cited.

Reversed and remanded.

1. 18 U.S.C.A. § 2312. "Transportation of stolen vehicles
"Whoever transports in interstate or foreign commerce a motor vehicle or air-craft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."