**Cecil SCOTT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18778.**

United States Court of Appeals
Ninth Circuit.

Aug. 8, 1964.

Jack M. Wiseman, San Jose, Cal., for appellant.

Sidney Lezak, U. S. Atty., Roger G. Rose, Asst. U. S. Atty., Portland, Or., for appellee.

Before JERTBERG and DUNIWAY, Circuit Judges, and JAMESON, District Judge.

JERTBERG, Circuit Judge.

Following trial to a jury, the appellant was convicted of six counts of an eight count indictment. The remaining two counts of the indictment were dismissed by the district court prior to submission of the case to the jury. Of the counts upon which appellant was convicted, two charged violations of 26 U.S.C. § 4705(a); [1] two charged violations of 26 U.S.C. § 4704(a); [2] and two charged violations of 21 U.S.C. § 174.[3]

1. "§ 4705. (a) *General requirement.*— It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

2. "§ 4704. (a) *General requirement.*— It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

3. "§ 174 * * *; *penalty; evidence*
"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than:

The district court sentenced the appellant to a term of imprisonment on each of the six counts; the sentence on each count to run concurrently with the sentences on each of the other counts.

The sole issue raised on this appeal concerns appellant's contention that the district court prejudicially erred in its instruction to the jury on the effect of a prior felony conviction on the credibility of appellant as a witness. It is appellant's contention that the giving of the allegedly erroneous instruction deprived the appellant of a fair and impartial trial and violated the import of Title 18 U.S.C. § 3481.[4]

In the course of instructing the jury that the jury was the sole judge of the credibility of the witnesses and all matters which might affect the credibility of witnesses, the court stated:

"The testimony of a witness that he had been convicted of a crime is brought out solely for the purpose of affecting his credibility as a witness. That is one of the tests; that is one of the standards by which you judge a witness, is whether he has been convicted of a felony because the law says that one who has been convicted of a felony, his testimony *may not be as truthful* as other witnesses." (Emphasis added.)

Appellant's objection is directed solely to the second sentence in the above quotation, and particularly to the italicized part thereof.

Before discussing the merits of appellant's assignment of error, we should note other matters which occurred during the course of the trial. In his opening statement to the jury, appellant's counsel informed the jury that appellant would be the only defense witness and that "Mr. Scott is an ex-convict." In direct examination of appellant, he stated that he had been convicted of a felony; had served his sentence at McNeil Island, a federal institution, and had been released on April 22, 1961. Finally, at the conclusion of the court's charge to the jury, the court inquired of appellant's counsel: "Is there anything I omitted or are there any charges requested?", to which appellant's counsel stated that he had none.

We have examined all of the instructions which the district court gave to the jury. In addition to instructions as to the elements of offenses with which appellant was charged, the court fully and adequately instructed the jury that the burden of proof rested upon the government to establish beyond reasonable doubt every essential element of such offenses, and that the presumption of innocence attaching to the appellant would justify the jury in acquitting the appellant unless such presumption was overcome by evidence satisfying the jury of appellant's guilt beyond all reasonable doubt. On the subject of the credibility of witnesses, the court instructed the jury that if a defendant testifies in his own behalf, his testimony is to be judged "on the same basis as you would judge any other witness"; that the fact that appellant had been previously convicted was no evidence that he committed any of the crimes with which he was charged; that the fact that he had been convicted of a felony was to be considered only "for the purpose of testing his credibility as a witness"; and that the jury was the "sole and exclusive judges of the facts in the case and the credibility of all witnesses"; and that every witness is pre-

---

ten or more than forty years and, in addition, may be fined not more than $20,000.

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

4. "§ 3481. *Competency of accused*
"In trial of all persons charged with the commission of offenses against the United States and in all proceedings in courts martial and courts of inquiry in any State, District, Possession or Territory, the person charged shall, at his own request, be a competent witness. His failure to make such request shall not create any presumption against him."

sumed to speak the truth but that the presumption may be overcome "by the manner in which he testifies, the character of his testimony or by evidence affecting his character or motives, or by contradictory evidence, or, as I told you before, by evidence showing that he has been convicted of a felony"; and "[i]f you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, that you think it deserves."

Rule 30 of the Federal Rules of Criminal Procedure provides, among other things, that:

> "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Notwithstanding failure of appellant to comply with the above quoted provision, he contends that the giving of the criticized instruction constitutes plain error which we should notice under Rule 52(b) of the Federal Rules of Criminal Procedure because the government's main reliance in establishing the charges upon which appellant was convicted was upon the testimony of one witness and that in his case the appellant relied only upon his own testimony. We have examined the transcript of the testimony and find in the brief testimony of appellant only a simple denial that he had ever sold narcotics for profit to the government witness or any other person. It is apparent that by its implied finding the jury chose to believe the testimony of the government witness. We are satisfied that the jury was not misled by the portion of the instruction to which the appellant objects when considered in context with the complete charge which the district court gave. We find no plain error. In our view the appellant was in no manner deprived of a fair and impartial trial.

The judgments of conviction are affirmed.