John Charles **DENNISON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 24451.

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1967.

Robert Edwin Davis, Dallas, Tex., for appellant.

Patrick H. Mulloy, Jr., Asst. U. S. Atty., Melvin M. Diggs, U. S. Atty., Dallas, Tex., for appellee.

Before BROWN, Chief Judge, and BELL and THORNBERRY, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

Appellant was convicted of violating the Dyer Act, 18 U.S.C.A. § 2312. He was charged with transporting a stolen automobile in interstate commerce. The proof was that he obtained the automobile on loan from an automobile dealer in Missouri as an accommodation because he had purchased a new automobile which was not available. The transaction took place on Saturday. He stated that he needed the automobile to make a "band engagement". The sales manager testified that the loan was for that purpose only but gave no definite limitation of time within which to return the automobile. The salesman testified that he told appellant to have the car back not later than Tuesday morning. The check which appellant gave for the down payment on the new car was returned for the reason that appellant had no account in the bank on which the check was drawn.

Appellant along with another male and two females used the car on Saturday evening and left for California at 2:00 a. m. on Sunday morning. They ran out of gas in Texas, borrowed five dollars from a priest for more gas and ended up near Amarillo, Texas on Monday. The car was in need of repair due to a faulty starter and having no funds, appellant first attempted to trade the radio out of the car for a starter and then attempted to sell the hub caps in order to obtain funds for the starter. Appellant was apprehended on Tuesday and the indictment followed. We affirm.

Counsel appointed to represent appellant on the appeal mounts a vigorous attack on the conviction. He asserts that court appointed trial counsel performed his task in an inadequate manner. Our study of the record convinces us to the contrary. Williams v. Beto, 5 Cir., 1966, 354 F.2d 698.

It is also contended that the evidence was insufficient to warrant the conviction and this depends on the state of the evidence when the government rested. Trial counsel preserved this point by the necessary motion at that time and the answer depends on whether obtaining a vehicle under a bailment arrangement through false pretenses is sufficient to create a jury question under the Dyer Act. The false pretenses question is buttressed by the inference which the jury might justifiably have drawn that the terms of the bailment were violated. It is to be borne in mind that appellant made no effort to sell the automobile.

The Supreme Court has construed the word "stolen" as used in the Dyer Act to include " * * * all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny." United States v. Turley, 1957, 352 U.S. 407, 417, 77 S.Ct. 397, 1 L.Ed.2d 430. This case in effect overruled the narrow construction which this court and others had previously given the statute by construing it to require common law larceny as a basis for conviction. See Murphy v. United States, 5 Cir., 1953, 206 F.2d 571, where the statute was held inapplicable when two automobiles were obtained for resale by check returned for insufficient funds and were later resold without payment to seller. See also Annot., 56 A.L.R.2d 1309. Since

the *Turley* definition, convictions have been affirmed where possession of a vehicle was obtained by means of a check drawn on a non-existent business and on a bank where defendants had no account, Scott v. United States, 4 Cir., 1958, 255 F.2d 18; and where possession was obtained by a check drawn on an account with insufficient funds. Landwehr v. United States, 8 Cir., 1962, 304 F.2d 217. Both of these cases turned on the defendants having obtained the automobiles by false pretenses. In neither case were the automobiles sold. It is true that *Turley* speaks in terms of purchasing an automobile with a worthless check, thereafter transporting it in interstate commerce with a subsequent sale but we hold that a sale is not an essential element of the crime. The question is whether appellant obtained the automobile by false pretenses with the criminal intent to deprive the rightful owner of the rights and benefits of ownership and thereafter transported it in interstate commerce. Cf. United States v. Oates, 4 Cir., 1963, 314 F.2d 593. Here appellant obtained the vehicle by false pretenses and it was transported in interstate commerce. These are undisputed facts. Moreover, the jury could also infer that the terms of the bailment were violated. We hold that the evidence was sufficient.

■ Appellant complains additionally of a procedural error and in two respects to the charge given to the jury. After appellant had testified, and after the evidence was closed and the prosecutor had made an opening statement to the jury, the court realized that appellant had not been sworn before testifying. He was called back to the stand for the purpose of affirming his previous testimony under oath. His counsel asked him a few additional questions with permission of the court. The prosecutor asked him three questions on cross examination relating to one of the additional matters brought out on the redirect examination. There was no error in the procedure followed by the court either in calling appellant back to the stand or in the additional direct and cross examination. This was a discretionary matter for the court and avails appellant nothing absent, as is the case, a showing of prejudice. Cf. Morgan v. United States, 1961, 111 U.S.App.D.C. 127, 294 F.2d 911.

■ The first contention regarding the charge concerns the definition of the word "stolen". The definition used by the court was approved in Webb v. United States, 5 Cir., 1966, 369 F.2d 530, 534, a case involving a bailment where the vehicle involved was wrongfully pledged by the bailee for payment of his personal debt. It is true that the court here did not state the negative of the proposition as was done in *Webb* where the jury was instructed that the defendant had to be acquitted if he believed that he owned some interest in the vehicle and also believed that he had the right to possession of the vehicle at the time and place of the alleged offense. There was no request here for this additional language nor was there any complaint regarding the charge as given. While it would have made the charge more complete, the failure to so charge was not plain error.

■ Appellant also urges that the court committed plain error in failing to instruct the jury that an essential element of the offense was that the automobile must have been stolen at the time of the interstate transportation, citing Wyckoff v. United States, 5 Cir., 1963, 314 F.2d 498. We disagree. As stated, there was no objection whatever to the charge and appellant's suggested language was implicit in the charge as given.

■ Lastly, appellant states that if none of the errors assigned separately warrant reversal, then we should consider them in totality and reverse. This view is also rejected. A question of fact was presented for the jury and there the matter ends.

Affirmed.