**John Phillip WINCHESTER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22357.**

United States Court of Appeals
Ninth Circuit.

May 2, 1968.

A. D. Jensen (argued), Reno, Nev., for appellant.

Julien G. Sourwine (argued), Asst. U. S. Atty., Joseph L. Ward, U. S. Atty., Reno, Nev., for appellee.

Before BARNES and BROWNING, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM:

Appellant has appealed from a conviction of interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312.

An examination of the record reveals that the specifications of error have no merit.

The only question urged on appeal is whether the trial court erred in the giving of Instruction No. 12.[1]  No objec-

---

1. "As stated before, one essential element of the offense charged is knowledge of the accused that the automobile was a stolen motor vehicle at the time the offense was committed. If you should find that the accused, in good faith, believed that he owned some interest in the automobile in question and also in good faith believed that he had the right to possession of the motor vehicle at the time and place of the alleged offense, then the accused cannot be found to have wilfully transported, or caused to be transported, a stolen motor vehicle in interstate commerce, and you should acquit him."

tion was made to this instruction by appellant's appointed trial counsel who is not the same counsel representing appellant on this appeal.

 It is the contention here that trial counsel should have objected to this instruction on the theory that because of the wording of it the jury could acquit only if the defendant, (a) believed he owned some interest in the car *and* (b) believed he had a right to possession of it. It is claimed that this instruction erroneously required proof of some possessory interest plus a right to possession of the automobile, and is silent as to permissive use without the necessity of the user having ownership in the car. We believe the instruction would have been more appropriate and less objectionable had it used the disjunctive instead of the conjunctive. However, when this instruction is considered together with other instructions, it cannot be said to be prejudicial. Furthermore, Instructions Nos. 8 [2] and 9 [3] supplied the claimed deficiency in Instruction No. 12.

 When the reviewing court is able to conclude from an examination of the instructions as a whole that a portion of an instruction could not have prejudiced or misled the jury, the conviction will not be reversed. Cohen v. United States, 378 F.2d 751, 755 (9th Cir. 1967).

 The trial judge in this case instructed the jury not to single out one instruction alone as stating the law but to consider the instructions as a whole. It is presumed that the jurors in this case followed and obeyed the instructions of the court. Robison v. United States, 379 F.2d 338, 345 (9th Cir. 1967).

We affirm.

---

2. "Two essential elements are required to be proved in order to establish the offense charged in the Indictment:

First: The act or acts of transporting or causing to be transported in interstate commerce a stolen motor vehicle, as charged; and

Second: Doing such act or acts wilfully and with knowledge that the motor vehicle had been stolen.

The offense is complete when the two elements just stated are established by the evidence in the case.

As stated before, the burden is always upon the prosecution to prove beyond a reasonable doubt every essential element of the crime charged."

3. "The word 'stolen', as used in the statute and in the Indictment in this case, means any wrongful or dishonest taking whereby a person obtains or retains possession of property belonging to another without or beyond any permission given, with the intent to deprive the owner of the right and benefit of ownership.

Whenever a motor vehicle, which is the property of one person, is acquired or is thereafter possessed as a result of some wrongful or dishonest act whereby another person either wilfully obtains or thereafter wilfully retains possession of such property without or beyond any permission given and with the intent to deprive the owner of the benefit of ownership, such motor vehicle is a 'stolen motor vehicle' as that term is used in these Instructions."