**Clayton Gilbert KNEPFLER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25536.**

United States Court of Appeals
Fifth Circuit.

June 10, 1968.

Rehearing En Banc Denied
July 26, 1968.

Robert L. Coffey, Houston, Tex., for appellant.

James R. Gough, Gerald Applewhite, Asst. U.S. Attys., Morton L. Susman, U.S. Atty., Ronald J. Blask, Asst. U.S. Atty., Houston, Tex., for appellee.

Before THORNBERRY and SIMP-SON, Circuit Judges, and ATKINS, District Judge.

PER CURIAM:

Clayton Gilbert Knepfler was convicted by a jury of transporting a stolen motor vehicle in foreign commerce in violation of 18 U.S.C. § 2312 and was given a five-year sentence. The relevant facts are that appellant rented a Dodge Dart from the Alpha Rental Corporation in Springfield, Massachusetts on January 15, 1965, to be returned on January 18. He made a $35 deposit and signed an agreement to pay $20 per day plus mileage in the event he did not return the car on time. He was arrested on March 5, 1965 in Laredo, Texas while reentering the United States from Mexico in the same car. The radio was missing and the exterior damaged. The rental agent acknowledged that during the intervening time no effort had been made to collect rent.

Appellant's sole contention on direct appeal is that there was no evidence to show he intended to convert the car to his own use. In essence, he says there was no evidence to justify the inference that he was not going to return the car and pay rent as provided by his agreement. Viewing the evidence in the light most favorable to the Government, we conclude that a jury could reasonably infer that at some time before transporting the car in foreign commerce Knepfler formed the criminal intent to deprive the rental agency of the rights and benefits of ownership. The cases require no more. In Dennison v. United States, 5th Cir., December 1, 1967, 385 F.2d 905, this Court sustained a conviction even though the accused was arrested before his time under the rental contract had expired. The evidence supported the inference that he obtained the car by false pretenses with the criminal intent to deprive the rightful owner of the rights and benefits of ownership and thereafter transported the car in interstate commerce. See United States v. Turley, 1957, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed. 2d 430; Dixon v. United States, 8th Cir. 1961, 295 F.2d 396, 399; Brown v. United States, 8th Cir. 1960, 277 F.2d 201, 203.

The judgment is affirmed.

ON PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25(a), subpar. (b), the Petition for Rehearing En Banc is denied.