John Glenn DIPPLE, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 22641.

United States Court of Appeals
Ninth Circuit.

Nov. 26, 1968.

Leonard I. Gang (argued), Las Vegas, Nev., for appellant.

Robert Linnell (argued), Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before POPE and HAMLEY, Circuit Judges, and PLUMMER,* District Judge.

PLUMMER, District Judge:

This is an appeal from the conviction of the appellant, John Glenn Dipple, for transporting a stolen motor vehicle in

---

* The Honorable Raymond E. Plummer, United States District Judge for the District of Alaska.

interstate commerce in violation of Section 2312 of Title 18, U.S.C.A.

Appellant specifies as error the court's instructions on (1) impeachment, (2) the essential elements of the offense charged, and (3) the issue of criminal intent.

■ Appellant contends the court instructed the jury that appellant was impeached by his prior felony convictions and implied that his testimony was not credible or entitled to any weight.

The court in its instruction actually stated that a witness *may* be discredited or impeached by evidence that he had been convicted of a felony, and *if* the jury believed any witness had been impeached and thus discredited, it was the jury's exclusive province to give the testimony of that witness such credibility, if any, as they *may* think it entitled. (Emphasis supplied).[1]

This court has held under similar circumstances that the giving of this instruction was not plain error. Scott v. United States, 335 F.2d 214, 216 (9th Cir. 1964).

■ Once evidence of this nature is before the jury, it becomes the jury's function to determine what weight, if any, it will give to a prior conviction as impeachment. Daniel v. United States, 268 F.2d 849, 852 (5th Cir. 1959).

In this case, the district court specifically told the jury that evidence of the defendant's previous conviction was to be considered only insofar as it *may* affect the credibility of the defendant as a witness. (Emphasis supplied).[2]

Appellant next contends that the court did not submit to the jury the issue whether the automobile had been feloniously converted, that it in effect assumed that the vehicle had been stolen, and failed to instruct the jury that they had to find the vehicle was stolen.

The court actually instructed the jury that they must find that the defendant transported a stolen motor vehicle, as that term had been defined, in interstate commerce.[3] The court's instruction defining a stolen motor vehicle stated:

"Now, this is a very important instruction. I think they are all important. As I said, you must consider the instructions as a whole. But I call particular attention to this one: the definition of a stolen motor vehicle.

"Whenever a motor vehicle, which is the property of one person, is acquired or is thereafter possessed as the result of some wrongful or dishonest act, whereby another person either *wilfully* obtains, or thereafter *wilfully* retains, possession of such property, without or beyond any permission given, *and with the intent to deprive the owner of the benefit of ownership*, such motor vehicle is a 'stolen motor vehicle'

---

1. The court in its instructions stated:
   "A witness may be discredited or impeached * * * by evidence that a witness has been convicted of a felony.
   "If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves."

2. "Evidence of the defendant's previous conviction of a felony is to be considered by the jury only insofar as it may affect the credibility of the defendant as a witness, and must never be considered by the jury as evidence of guilt of the crime for which the defendant is on trial."

3. "Now, there are two essential elements that the Government is required to prove

in order to establish the offense charged in this indictment:
   "First, the act of transporting in interstate commerce a stolen motor vehicle; and secondly, doing such an act wilfully and with knowledge that the motor vehicle had been stolen.
   "The offense is complete when the two elements just stated are established by the evidence in the case. The proof need not show who actually stole the motor vehicle. But the two elements are: one, the act of transporting the motor vehicle in interstate commerce—the act of transporting a stolen motor vehicle, as I defined that term for you, in interstate commerce. That's the first element, and the second element: it must be done wilfully and with knowledge that the motor vehicle was stolen."

as that term is used in these instructions." (Emphasis supplied.)

■ The court in its instructions told the jury that they must find (1) that the automobile had been stolen as that term had been defined in the instructions, (2) that it was transported in interstate commerce, (3) with knowledge that the motor vehicle had been stolen, and (4) that a stolen motor vehicle was one which had been acquired or possessed as a result of some wrongful or dishonest act, whereby a person wilfully obtains, or wilfully retains, the motor vehicle with the intent to deprive the owner of the benefit of ownership.

Under the circumstances reflected by the entire record in this case, this was a proper instruction. See Jones v. United States, 378 F.2d 340, 341 (9th Cir. 1967); and Winchester v. United States, 394 F.2d 489, 490 (9th Cir. 1968), where this court held that the instruction defining a motor vehicle quoted above, and the instruction quoted in footnote 3, pages 2 and 3, supplied a claimed deficiency in the instructions.

■ Appellant further contends that the court failed to instruct the jury adequately on the issue of intent.

A defendant charged with a violation of Section 2312 of Title 18, U.S.C.A. must have had the intent to permanently or temporarily deprive the owner of the

benefit of ownership. Jones v. United States, supra. The court's instructions pertaining to the required intent specifically met and went far beyond the requirements of *Jones*.[4]

During their deliberations, the jury sent written notes requesting a copy of the indictment and a request to hear the testimony of two of the witnesses. There is nothing in the record to indicate that the jurors had any difficulty in understanding and following the court's instructions.

■ The court instructed the jury that they were not to single out one instruction, but must consider the instructions as a whole. The presumption is that the jurors followed and obeyed the instructions of the court. Robison v. United States, 379 F.2d 338, 345 (9th Cir. 1967); Winchester v. United States, supra.

■ Before the jury retired to deliberate, counsel for defendant in response to an inquiry made by the court, stated that defendant had no objections to the court's instructions. Nevertheless, in the interests of justice, we have considered the court's instructions in their entirety to determine whether plain errors or defects affecting substantial rights of the defendant are to be found therein. Finding none, the judgment is affirmed.

---

4. In addition to the instructions quoted in footnotes 1, 3 and in the opinion, the court's instructions stated:

"Now, in every crime there must exist a union or a joint operation of act and intent.

"The burden is always upon the prosecution to prove both the act and the intent beyond a reasonable doubt.

"In major crimes, such as charged in this case, specific intent must be proved before there can be a conviction.

"A person who knowingly does an act which the law forbids, or knowingly fails to do an act which the law requires, in-

tending with bad purposes to either disobey or to disregard the law, may be found to act with specific intent.

"An act or failure to act is 'knowingly' done, if done voluntarily and intentionally, and not because of mistake, accident or other innocent reason.

\*    \*    \*    \*    \*

"An act is done 'wilfully' if it is done voluntarily and intentionally, and with specific intent to do something which the law forbids; that is to say, with bad purpose to either disobey or to disregard the law."