**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Noah Jack SUTTON, Jr., Defendant-Appellant.**

No. 26947

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

May 12, 1969.

Rehearing Denied June 13, 1969.

Robert E. Sheridan, Jacksonville, Fla. (Court-appointed) for defendant-appellant.

Edward F. Boardman, U. S. Atty., Samuel S. Forman, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such

character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

This is an appeal from a judgment of conviction entered on the jury verdict finding appellant guilty of violating the Dyer Act in that he transported a stolen motor vehicle in interstate commerce. 18 U.S.C.A. § 2312. There are three assignments of error. First, it is urged that the court erred in refusing to grant a motion for judgment of acquittal. Second, it is claimed that the court should have granted appellant's motion for new trial. Lastly, appellant contends that the jury charge was erroneous. We affirm.

There was no objection to the charge. Moreover, we find no error in the charge. We likewise find no merit in the other two assignments of error.

Taking the view most favorable to the Government to support the verdict, Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680, the evidence adduced on the trial makes out the following case. Appellant obtained the motor vehicle in question from a used car lot in St. Augustine, Florida, on the pretense that he intended to purchase it. Rather than completing the transaction, he drove it to Valdosta, Georgia, where he stayed for several days. Meanwhile the vehicle was reported as stolen. He then drove it from Valdosta to Duluth, Georgia, where he represented to others that he had purchased the vehicle. He was arrested after having been in Duluth, Georgia for several days. His contention was that a lady friend with whom he was living in St. Augustine at the time was to pay for the vehicle. She testified that she had no knowledge of his having arranged to purchase the vehicle or otherwise to obtain possession of it. She denied that she was to pay for it or even of having knowledge of a contemplated purchase.

 These facts and the inferences therefrom were sufficient to support the

elements of the offense, namely that the vehicle was stolen, that appellant transported it in interstate commerce with knowledge that it had been stolen and that the transportation was willfully done. Cf. Dennison v. United States, 5 Cir., 1967, 385 F.2d 905, on the stolen aspect of the case.

Affirmed.