**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Stanley Steven FLEISCHMAN,**
**Defendant-Appellant.**

**No. 26978.**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

June 5, 1969.

Rehearing Denied July 17, 1969.

James E. Cahill, Jr., Senatobia, Miss., for defendant-appellant.

H. M. Ray, U. S. Atty., Roger M. Flynt, Jr., Asst. U. S. Atty., Oxford, Miss., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

█ Fleischman was convicted by a jury of violation of the Dyer Act.[1] On appeal he assigns as error the failure of the trial judge to give a full instruction on circumstantial evidence, and the denial of his motion for a new trial. We affirm.[2]

1. 18 U.S.C.A. § 2312.

2. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the

merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on

It is undisputed that for about seven months Fleischman shared an apartment in Port Washington, New York, with one Harris, the owner of a Chevrolet Impala automobile. On August 8, 1967, Fleischman and the automobile disappeared. Fleischman left Port Washington and went to Tennessee or Kentucky, thence to Illinois and Alabama. In Selma, Alabama, he participated in a card game and, ending up short of money, sold the car. He got back into the game, recouped his losses and repurchased the car. Fleischman then went to North Carolina, Arkansas and finally to Batesville, Mississippi, where he sold the automobile because he was broke and needed money.

The only dispute is whether Fleischman stole the car or was given it by Harris. Harris denied that he gave Fleischman permission to drive the vehicle, to transport it across state lines, or to sell it. Fleischman countered that Harris endorsed the registration certificate to the automobile and gave it to him. The certificate was not offered at the trial.

Fleischman's principal argument is that there is no direct evidence that he stole the automobile, and that since the government's case rested entirely on circumstantial evidence the District Court's charge was erroneous because it failed to include a caveat that in order to find the defendant guilty the evidence must exclude every reasonable hypothesis other than that of guilt.

█ The difficulty with Fleischman's contention is that the proof offered was direct, not circumstantial, albeit the proof of Fleischman's knowledge that the vehicle was stolen was in

the Summary Calendar and to notify the parties in writing. See Murphy v. Houma

conflict. But even if the evidence was both direct and circumstantial it is not error to refuse to give a charge on circumstantial evidence. Samuels v. United States, 5 Cir. 1968, 398 F.2d 964, 970. Moreover, the trial judge clearly and accurately instructed on the standard of reasonable doubt. An additional charge that the evidence must exclude every reasonable hypothesis other than that of guilt is unnecessary. Robert F. O'Neal v. United States, 5 Cir. 1969, 411 F.2d 131 (March 19, 1969); Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150, rehearing denied, 348 U.S. 932, 75 S.Ct. 334, 99 L.Ed. 731; Stassi v. United States, 5 Cir. 1968, 401 F.2d 259; Gregory v. United States, 5 Cir. 1958, 253 F.2d 104, cert. denied 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676.

█ Fleischman's complaint that his motion for new trial should have been granted because the verdict is contrary to the weight of the evidence is unpersuasive. Considering the evidence in the light most favorable to the government, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Peters v. United States, 5 Cir. 1967, 376 F.2d 839, United States v. Noah Jack Sutton, Jr., 5 Cir. 1969, 411 F.2d 405 (May 12, 1969), the proof of Fleischman's guilt was overwhelming. The granting of a motion for a new trial is within the discretion of the District Court which will not be disturbed absent clear proof of abuse of discretion. Spivey v. United States, 5 Cir. 1940, 109 F.2d 181, cert. denied 310 U.S. 631, 60 S.Ct. 1079, 84 L.Ed. 1401. There was no abuse of discretion here.

Affirmed.

Well Service, 5 Cir. 1969, 409 F.2d 804, Part I [dated March 11, 1969].