**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerome Edmund RYAN, Defendant-
Appellant.**

**No. 27108.**

United States Court of Appeals
Fifth Circuit.

Sept. 8, 1969.

Joseph W. Popper, Macon, Ga., for appellant.

D. L. Rampey, Jr., Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Walker P. Johnson, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before BELL and GOLDBERG, Circuit Judges, and ATKINS, District Judge.

ATKINS, District Judge:

This is an appeal from a Dyer Act conviction, 18 U.S.C.A. § 2312. Appellant waived jury and was tried by the Court. There are five assignments of error. The first four are without merit and disposed of as shown below. The fifth concerns the denial of a motion to suppress based on a warrantless search of an auto. We find this denial to be error, but of a harmless nature. We therefore affirm.

On the morning of October 17, 1968, appellant Ryan met a Robert Wheeler at a bar in St. Petersburg, Florida. The two men spent the day cementing their new friendship by traveling from bar to bar in Wheeler's automobile and becoming thoroughly intoxicated. Late in the afternoon they went to the house of Wheeler's girl friend. Ryan remained in the car. About ten minutes after their arrival Ryan saw Wheeler at the window of the girl's house and concluded he should leave. He thereupon drove away with a honk of the horn. At this point Wheeler thought Ryan was merely going to a local establishment to quench his thirst and consequently did not report his car as stolen until the following afternoon. Meanwhile, Ryan, gregarious as ever, met a Lee Collins at a nearby bar who drove Wheeler's car and Ryan to Macon, Georgia. They arrived the morning of October 19, 1968 and Ryan registered at a motel using the name "Jim Fitzgerald." Collins left with the car and when he did not return as promised, Ryan made a stolen car report to the Macon police identifying himself as Robert Wheeler. The car was later returned and Ryan reported it located. He subsequently switched motels and was arrested the afternoon of October 20 for failing to pay his first motel bill. The motel manager showed the arresting officers the automobile which was searched after Ryan gave them the key. Ryan was then arrested for auto theft.

Ryan first alleges that the government failed to prove beyond a reasonable doubt that the automobile was stolen.

■ Appellant admits that common law concepts of larceny do not determine the meaning of the term "stolen" as that word is used in the Dyer Act. See; United States v. Turley, 1957, 352 U.S. 407, 417, 77 S.Ct. 397, 399, 1 L.Ed.2d 430. However, appellant argues that his guilt depends on whether he formed the intent to "deprive the owner of the rights and benefits of ownership," United States v. Turley, *supra, prior* to the interstate transportation. Appellant relies on several cases in which the automobile was lawfully obtained, and the intent to convert it to the defendant's own use was subsequently formed. Clifton v. United States, 5 Cir. 1961, 341 F.2d 649; Blum v. United States, 5 Cir. 1965, 348 F.2d 141.

■ These cases, upon which appellant relies, were based on inadequate jury charges, a claim that cannot be made in the instant case. In none of these cases did the court hold that the jury, if properly instructed, could not have found the appellant guilty because of a lack of evidence as to the precise moment when an intention to "steal" the car was formed. In the case at bar there is neither a complicating jury instruction, nor does the evidence compel a finding that the car was lawfully obtained in the first instance. The trial judge as the trier of fact was therefore free to conclude, as he did, that the intention to "steal" the car was complete when the appellant drove away from the house of Wheeler's girl friend without express permission and without explanation. This indeed, would be the logical inference from such conduct. However, even assuming that appellant's story was true, it gave him at most an implied permission to use the car for the remainder of the evening. Under such circumstances, the trial judge was still free to conclude from subsequent events that appellant decided to steal the car before or during his interstate journey. Such an inference could properly be based on the

length of time appellant kept the car, the distance he allowed it to be driven, and, most importantly, his representations to the arresting officer that the car was his.

"In this type of a prosecution when the possession of the vehicle has been lawfully obtained and there is no direct evidence on the intent of the accused thereafter, it is proper to look at all of the facts and circumstances to ascertain if the accused did have the intent to steal the car or to retain unlawful possession of the vehicle. Here appellant lawfully obtained possession of the car on December 3 and agreed to return it on December 8, which he did not do. He not only retained possession of it until January 3 but represented that the vehicle belonged to him and had transported it a great distance. From these established facts the jury, as it did, could properly infer that he had the intent to steal the car, thus furnishing the necessary proof to establish the first and third elements of the offense. There is ample evidence to support the conviction." Johnson v. United States, 10 Cir. 1967, 384 F.2d 388, 389.

See also, United States v. Fields, D.C. S.C.1967, 271 F.Supp. 277; Dennison v. United States, 385 F.2d 905 (5th Cir. 1967); United States v. Sutton, 411 F.2d 405, Fifth Cir. (May 12, 1969)

The second and third assignments will be treated together as they both appear to urge that appellant could not form the requisite intent to steal because of his intoxication.

While drunkenness is not "per se" an excuse for crime,

* * * nevertheless it may in many instances be relevant to the issue of intent. One class of cases where drunkenness may be relevant on the issue of intent is the category of crimes where specific intent is required. Robbery falls into this category, and a defendant accused of robbery is entitled to an instruction on drunkenness as bearing on intent if the evidentiary groundwork has been adequately laid. Such an instruction is necessary, however, only if sufficient evidence on the intoxication issue has been introduced so that a reasonable man could possibly entertain a doubt therefrom that the accused was able to form the necessary intent. Drunkenness, while efficient to reduce or remove *inhibitions*, does not readily negate *intent*." (emphasis in original.) Heideman v. United States, 1958, 104 U.S.App.D.C. 128, 259 F.2d 943; Burger, J., writing for the court.

The requisite "intent" necessary to commit a Dyer Act offense is not made infinitely clear by the applicable cases. Several cases intimate that a specific intent is required, Smith v. United States, 8 Cir. 1967, 385 F.2d 252, 253; Dipple v. United States, 9 Cir. 1968, 403 F.2d 966, 968, fn. 4, but these cases indicate a degree of uncertainty. Assuming, however, that specific intent is required, Heideman, *supra,* provides that whether or not intoxication negates such intent is a question of fact for the factfinder. There are circumstances in the present case which would permit the trial judge to find that appellant was not so intoxicated as to be incapable of forming the specific intent to steal the car. Appellant was capable of successfully navigating a car from the girl friend's house to a nearby bar. He was also capable of considering the nature of the interpersonal relationship between Wheeler and his girl friend, and concluding from such considerations that his own presence was not wanted. He was finally capable of drinking at the bar for several more hours before becoming incapacitated. A reasonable man could conclude that appellant was not so intoxicated as not to realize an intent to steal. Cf. Schwab v. United States, 8 Cir. 1964, 327 F.2d 11; Barfield v. United States, 5 Cir. 1956, 229 F.2d 936.

In urging his fourth assignment appellant argues that mere occupation of an automobile with knowledge it was stolen will not support a conviction under the Dyer Act because presence in the car

does not prove possession. This is correct. Lawrence v. United States, 400 F.2d 624, 627 (9 Cir. 1968). There must be some evidence, direct or circumstantial, to show that the automobile was in the defendant's possession, or in the joint possession of defendant and his companions. Lawrence v. United States, *supra*.

Unfortunately for appellant, there *is* circumstantial evidence in the record of this case which would permit the inference that he actively participated in the transportation of Wheeler's automobile. Such an inference was permissible on the ground that the car remained in appellant's possession after the interstate journey was completed. He exercised sufficient possession of it to permit his alleged companion, Collins, to drive it in Macon and when he didn't return it as expected, reported it stolen. In doing so he used the name "Robert Wheeler" the true owner.

■ We come now to the final assault upon the conviction. This involves the search of the automobile in the motel parking lot after appellant's arrest without a warrant for allegedly failing to pay a prior motel bill. The Constitution inhibits "unreasonable" searches. As a general rule, a search and seizure incident to arrest are reasonable if the arrest is lawful and the search is incident to the arrest in purpose, time, scope and place.[1] Here, the arrest was lawful but the purpose of the search is clearly unrelated to the arrest. Appellant moved to suppress the fruits of this search. This motion was denied. The government suggests that appellant's motion was not timely made since it was not made prior to trial. Such fact might have justified the district court in *refusing* to entertain appellant's motion, Rosen v. United States, 293 F.2d 938 (5th Cir. 1961), but where, as here, the motion was considered by the district court and denied on its merits, it would seem unduly technical for this court to declare that the trial judge abused his discretion in considering a question of constitutional magnitude.

The search produced an invoice and a purchase contract which indicated that the auto was owned by Robert Wheeler. While these were admitted in evidence to show that Wheeler bought the car, the ultimate proof was the Motor Vehicle Certificate of Title (Government's Exhibit 1) which was admitted without objection and conclusively established that Robert W. Wheeler was the owner of the subject vehicle.

■ Appellant urges that admission of the invoice and purchase contract compelled him to take the stand in this nonjury case. If he had not taken the stand, appellant contends, identification of the vehicle would have been insufficient. The certificate of title, the earlier report by Ryan that this car was stolen, giving the license, serial number and make and model, the testimony of the arresting police and the testimony of the owner, Wheeler, completely refute this specious argument.[2] Accordingly, we hold that admission of Government Exhibit 2, obtained in the search of the vehicle, was harmless error.

Affirmed.

1. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777.

2. As stated in United States v. Johnson, 412 F.2d 906, Fifth Cir., June 30, 1969,

"This was a non-jury trial and it is inconceivable that the disclosure of the * * * (exhibit) into evidence per se would have prejudicially affected the trier of the facts."