UNITED STATES of America, Plaintiff-Appellee,

v.

James Robert RICHARDS, Defendant-Appellant.

No. 27831

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 12, 1970.

John W. Claybrook (court appointed), Eagle Pass, Tex., for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., Andrew Gary, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

CLARK, Circuit Judge.

James Robert Richards appeals from a jury conviction under the Dyer Act, 18 U.S.C.A. § 2312, for interstate transportation of a motor vehicle, knowing it to be stolen. He contends that the jury charge erroneously allowed his conviction even though the jury might have found that the motor vehicle was not stolen until the interstate transportation of the motor vehicle had been completed. Finding no merit to this contention, we affirm.[1]

On July 4, 1968 Richards and Harvey, a friend, flew from Jacksonville, Florida where they were employed to Miami for a vacation. The next day Richards rented the car involved in this case pursuant to a rental contract which provided in fine print that the car was not to be taken more than fifty miles from Miami. The contract was for one week at 45 dol-

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), Part I, and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969), Part I.

lars plus ten cents a mile. Richards falsely represented on the contract that he resided in Miami and was employed in Coral Gables.

The same night Richards and Harvey spontaneously decided to go to Del Rio, Texas on the Mexican border. They left Miami about 7:00 P.M. on July 5th and drove straight through to Del Rio arriving about 5:00 P.M. on July 7th. Richards admitted that he and Harvey had only three or four hundred dollars between them and that he knew when he left Miami that this was not enough money to pay for a trip to Del Rio and back under the terms of the rental contract. He also admitted that during the trip he damaged a wheel and tire which he just discarded at a service station in Louisiana.

Richards and Harvey spent four days and all their money on the Texas-Mexico border and on July 10th departed Del Rio in the rented car destined for Fort Worth, Texas, without paying a Del Rio motel bill. They were later arrested, charged, convicted on guilty pleas and jailed for failure to pay the motel bill. Richards did tell a deputy sheriff at the jail that he had a rented car and needed to contact the Florida agency, but the deputy did nothing to help him.

On July 21, after his release from imprisonment for skipping payment of his motel bill, Richards offered to sell the car to a service station attendant in Del Rio and stated that he had already sold the spare tire. After this offer was declined, Richards traded the tires from the rented car for a substantially inferior set belonging to the service station attendant for a difference of nine dollars in cash and two or three dollars worth of gasoline. Richards explained at trial that he wanted the money to eat on and to call Florida to get enough money to return there. Later, on July 23, he took the car to a junk yard and offered to sell the battery but instead borrowed two dollars and left the car promising to pay three dollars when he returned. He was arrested on July 26 on an unrelated charge by city police and held until July 30 when he was turned over to federal authorities on the Dyer Act charge. The rented car was recovered when the owner of the junk yard notified authorities. Richards insisted at all times that he intended to return the car to Florida.

■ The law is well settled that although one may lawfully obtain possession of a vehicle through rental agreement or otherwise, a jury may conclude from adequate evidence that he intended to steal the car. United States v. Mancuso, 423 F.2d 23 (5th Cir. 1970); United States v. Ryan, 415 F.2d 847 (5th Cir. 1969); United States v. Bruton, 414 F.2d 905 (8th Cir. 1969). See United ed States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957). It is similarly settled that an avowed intention to return the car is no defense if the accused exceeds the scope of his authorization or contractual rights and thereby deprives the owner of the benefits of ownership. United States v. Dillinger, 341 F.2d 696 (4th Cir. 1965).

■ During the closing arguments, the United States Attorney stated:

"That vehicle went out of Miami, Florida and was in interstate transportation until its return, and that is not a technicality that will bar conviction of the defendant in this case."

Whereupon, the following statements were made in the presence of the jury:

"[COUNSEL FOR DEFENDANT]: I want to object here to the Government's Attorney misrepresenting the charge, the indictment itself speaks of the transportation from Florida to the Del Rio Division and I think the jury should be instructed to disregard this other.

"THE COURT: Well, the Court is going to charge the jury on the law of the case and you go by what the Court tells you the law of the case is, members of the jury. You may have your objections to the Court's charge later, [counsel].

"[COUNSEL FOR DEFENDANT]: All right."

Appellant contends that this course of argument, when coupled with the Court's charge to the jury and the Court's refusal to grant a clarifying instruction, improperly allowed the jury to believe that they could convict Richards of violating the Dyer Act, even if his intention to steal the vehicle had been formed after the transportation of the vehicle in interstate commerce had been concluded. The government concedes, as it must, that this would have been error. United States v. Diodati, 355 F.2d 806 (4th Cir. 1966). This requires an examination of the Court's general charge to the jury, the requested clarification and the supplemental instruction given.

■ In its original charge the Court expressly told the jury that to convict Richards they were required to find beyond a reasonable doubt that he transported the car in question in interstate commerce from Miami, Florida to Del Rio, Texas then knowing it to be stolen. In view of all of the evidence and upon a consideration of the Court's charge as a whole, we find that it fully and correctly set out the essential elements of the crime which the United States was required to prove. The Court also instructed the jury that statements of counsel were not evidence.

■ After excusing the jury for exceptions to the general charge, counsel for Richards requested an additional instruction which he contended was necessary to overcome the consequences of the statement made in closing argument to the effect that the interstate transportation of the vehicle continued until it had been returned to Miami, Florida. The instruction specifically requested was: "[T]he interstate transportation referred to in the indictment is a trip which ended on arriving in the Del Rio Division (of Texas) and that any offense that they consider might have been committed after that date would be immaterial to the question of guilt or innocence of the offense charged here-

in." The trial court correctly refused to give this instruction *in haec verba* or in substance, because it excluded acts which were properly relevant to a determination of Richards' intent during the period of interstate commerce involved. What Richards did subsequent to his arrival in Texas was clearly relevant and therefore competent to show a prior intent to steal the car while it was in interstate commerce. United States v. Bruton, supra; United States v. Dillinger, supra; United States v. Jones, 340 F.2d 599 (4th Cir. 1965).

■ The Court did recall the jury for additional instructions in which it redirected their attention to the definition given to "interstate commerce" in the original charge, stated further that they were to consider all facts and circumstances relating to the car for the period of time from its rental in Florida until it was recovered in Del Rio, Texas, then amplified its original charge by telling them not to be concerned with how the car was returned to Florida, and finally, cautioned them to remember the instructions on guilt or innocence. The defendant made no objection to this supplemental charge. In the absence of such an objection under Rule 30 of the F.R. Crim.P. plain error as defined in Rule 52(b), F.R.Crim.P., must be demonstrated to warrant reversal. No such error is present here. *See* United States v. Campbell, 419 F.2d 1144 (5th Cir. 1969).

■ The evidence adduced in this case which the jury could properly consider under the Court's instructions, was amply sufficient to allow the jury to find that Richards intended to steal the car prior to completion of its interstate transportation at Del Rio. At the time of rental he misrepresented his residence and place of employment. He knew that he did not have enough money to pay for the trip to Texas and back when he left Florida. The rental contract which he signed, a copy of which he kept, specified, albeit in fine print, that the car was not to be taken beyond a fifty mile limit. He ruined and aban-

doned a tire and wheel in Louisiana and still continued to travel away from Miami. Evidence of what occurred after reaching Texas was equally competent on the question of intent during his interstate journey. He represented that the car was his, offered to sell it, offered to sell the battery and did sell the tires. Despite what his counsel describes as days upon days of good intentions, both in and out of custody, he never once managed to contact the agency from which the vehicle had been rented. Most importantly, he never turned the vehicle over to the authorities. It was only recovered upon the report of the junk yard where he left it.

While this Court acknowledges the diligent and skillful efforts of Richards' court-appointed counsel, no reversable error appears.

Affirmed.