UNITED STATES of America, Appellee,

v.

Albert Guy KELLEY, Jr. and Donald Grover Woody, Appellants.

No. 71–1961.

United States Court of Appeals, Fourth Circuit.

Argued April 11, 1972.

Decided July 12, 1972.

---

I. C. Crawford, Asheville, N. C., for appellants.

Keith S. Snyder, U. S. Atty. (Bruce B. Briggs, Asst. U. S. Atty., on brief), for appellee.

Before BOREMAN and BRYAN, Senior Circuit Judges, and WINTER, Circuit Judge.

**374**

WINTER, Circuit Judge:

Defendants were convicted of receiving and concealing stolen property, i. e., 163 rolls of upholstery material belonging to Lawson Manufacturing Co., Morristown, Tennessee, of a value in excess of $5,000.00, in violation of 18 U.S.C.A. § 2315. Each was sentenced to five years' imprisonment and each has appealed, assigning numerous errors. We find merit in the contention of defendant Albert Guy Kelley, Jr. that there was insufficient evidence to convict him, and so we reverse his conviction. We affirm with respect to defendant Donald Grover Woody.

### I

On or about December 4, 1970, 163 rolls of upholstery material were unlawfully taken from the warehouse of Lawson Manufacturing Co., Morristown, Tennessee. The next day two state law enforcement officers went to a business establishment near Lenoir, North Carolina, to observe a rental truck which had been parked there for some period of time. They went as a result of a telephone conversation with an informant. They observed two people, later identified as defendants Kelley and Woody, get into the truck and drive onto a public highway. The officers pursued the truck and attempted to stop it by the use of a blue light and siren. The truck did not stop immediately, and the officers continued their attempt to stop it, whereupon the driver of the truck, two or three times, sought to drive the truck into the side of the officers' car.

When the truck was finally stopped, defendant Woody stepped out of the driver's side and defendant Kelley got out on the passenger's side. Both of the defendants were placed under arrest for violation of state laws and both were subsequently convicted of failing to stop for a siren and blue light, and assault with a deadly weapon, i. e., the truck. They were sentenced to imprisonment for four months, with service of the sentences suspended upon the payment of costs.

After the defendants were taken into custody, Officer Harold Land obtained a search warrant, searched the truck, and found 163 rolls of upholstery material contained therein. Part of the fabric was plainly labeled "Lawson Mfg. Co., Morristown, Tennessee." The truck contained a copy of the rental agreement, indicating that it had been rented on December 2 to Central Manufacturing Company, Lenoir City, Tennessee. There was testimony at the trial that the upholstery material recovered had a fair market value of approximately $10,000.00.

Prosecution ensued and defendants were convicted in a trial by jury. At trial, they offered no evidence in their own behalf.

### II

The majority of defendants' contentions warrant only summary discussion:

 (1) We think that the indictment, basically in the words of the statute, contained a sufficient statement of every essential element of the crime charged to enable defendants to present their defense. It is not necessary to allege the owner or owners of stolen property constituting interstate commerce allegedly received and concealed, or where, when or how it was stolen. If knowledge of these facts is needed to prepare defendants' defense, it can, upon a proper showing, be obtained by a motion for particulars. Defendants did not file such a motion in this case.

 (2) Defendants' arrest was not improper. N.C.G.S. § 20–183 (1965 Repl.Vol.) authorizes state law enforcement officers "to stop any motor vehicle upon the highway of the State for the purpose of determining whether the same is being operated in violation of any of the provisions of [the Motor Vehicles Code]," including the provisions requiring registration of the vehicle, operation by a properly licensed driver, etc. See, State v. Eason, 242 N.C. 59, 86 S.E.2d 774 (1955). Hence, the police were acting properly when they turned

on their siren and light and requested the truck to stop even though they had no probable cause to believe that a crime had been committed. United States v. Turner, 442 F.2d 1146 (8 Cir. 1971); D'Argento v. United States, 353 F.2d 327 (9 Cir. 1965), cert. denied, 384 U.S. 963, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966). When defendants failed to comply with the request to stop and, indeed, attempted to collide with the police car, or run it off the road, manifestly, they had committed a crime in the presence of the arresting officers and were subject to arrest.

■■■ (3) There was probable cause for the issuance of the search warrant so that the evidence of the stolen goods uncovered in its execution was admissible. The officers' tip, defendants' evasionary and criminal tactics when they were sought to be stopped, and the fact that the truck was leased to someone other than defendants constituted probable cause. Moreover, defendants did not move for suppression of the evidence before trial in accordance with Rule 41, F.R.Crim.P., although they objected to the evidence at trial. They are, therefore, deemed to have waived any objection to the sufficiency of the warrant. United States v. Fisher, 440 F.2d 654 (4 Cir. 1971); Mesmer v. United States, 405 F.2d 316 (10 Cir. 1969). Although under Rule 41 the district court was empowered to consider a motion to suppress at trial, there was no abuse of discretion in declining to do so here.

(4) At trial, defendants did not except to the court's instruction to the jury, and we see no plain error in the instruction.

(5) The evidence to convict Woody was sufficient for the jury to conclude beyond a reasonable doubt that he received and concealed stolen property, constituting a part of interstate commerce, of a value in excess of $5,000.00.

### III

To support Kelley's conviction, the government argues that there was suffi-cient evidence to permit the jury to find that Kelley was in possession of the truck and, hence, that he was in possession of its contents by reason of the fact that (1) Kelley was observed to have entered the truck with Woody, (2) both Kelley and Woody were found guilty of failing to stop for a siren and blue light and assault with a dangerous weapon, (3) the truck was leased to a person other than Kelley or Woody, and (4) Kelley did not explain his presence in the truck. The unexplained fact of possession, so the argument runs, would warrant the jury's drawing the inference that possession was with knowledge that the property was stolen.

■ We do not think that the recited evidence, singly or collectively, provides a basis for a determination by the jury that, beyond a reasonable doubt, Kelley was in possession of the truck and its contents. The strongest evidence was that Kelley, along with Woody, was convicted of failing to stop for a blue light and siren and assault with a deadly weapon. Kelley did not appeal this conviction, but it cannot be overlooked that he received a suspended sentence upon payment of costs, and this most likely is the reason for his failure to appeal. In any event, the evidence is clear that Kelley was a passenger in the truck, and it is difficult to understand how a passenger can be convicted of failure to stop and assault. Any inference to be drawn from Kelley's failure to explain his presence in the truck is weakened by the fact that Woody and Kelley were represented by the same counsel at trial. Kelley could hardly exculpate himself without inculpating Woody, and it is unlikely that their joint counsel would permit him to try.

We think the evidence with respect to Kelley is no more than that he was a passenger in the truck. In Dyer Act cases the rule is that the mere fact that one is a passenger in a stolen car will not support an inference that that person is exercising dominion and control over it and, therefore, the jury may not find, from this fact alone, that the de-

fendant knew that the car was stolen. United States v. Ryan, 415 F.2d 847 (5 Cir. 1969); Lawrence v. United States, 400 F.2d 624 (9 Cir. 1969); Wheeler v. United States, 382 F.2d 998 (10 Cir. 1967). We think that the same rule should be applied here. It follows that, as a passenger, Kelley was not in possession of the truck and, therefore, he could not be in possession of its contents.

We, therefore, affirm as to defendant Woody, and reverse as to defendant Kelley.

Affirmed in part; reversed in part.