**BERNARD MCBEAN, et al., Plaintiffs**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS and ROY LESTER
SCHNEIDER, Governor, et al., Defendants**

Civil No. 138/1995

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 29,1995

120

RONALD T. MITCHELL, ESQ., St. Thomas, U.S.V.I., *for plaintiffs*

PAUL GIMINEZ, PAMELA LYNN WOOD, and PAMELA R. TEPPER, (Assistant Attorneys General), Virgin Islands Department of Justice, St. Thomas, U.S.V.I., *for defendants*

MICHAEL C. DUNSTON, ESQ., *Co-counsel for plaintiffs American Federation of Teachers Local, Unions 1825 and 1826*

RICHARD DAVIS, Assistant Attorney General, Office of Collective Bargaining, St. Thomas, U.S.V.I., *for defendants*

HODGE, *Presiding Judge*

## OPINION

This matter came before the court for a hearing on May 19, 1995[1] on defendants' Motion to Dismiss and their alternative Motion for Summary Judgment. Because matters outside the pleadings have been filed and considered, the Motion to Dismiss will be treated as a Motion for Summary Judgment pursuant to Rules 12 and 56 of the FED. R. CIV. P. Under FED. R. CIV. P. 56, summary judgment is proper where the non-moving party cannot show a factual dispute warranting a trial.[2] At the hearing, the court orally granted the defendants' motion, subject to supplementation in this memorandum which reduces the court's decision to writing.

## I.

The main questions presented by defendants' Motion to Dismiss are (1) whether the claims of the union plaintiffs constitute a labor dispute, and if so, whether they failed to exhaust their administrative remedies thereby postponing the exercise of the jurisdiction of this court, and (2) whether the actions of defendants in suspending the salary increases to Government employees constitute legally authorized conduct which may not be restrained by the taxpayer plaintiffs' suit.

For the reasons which follow, the court holds (1) that the claims of the union plaintiffs constitute a labor dispute, which this court may not entertain until they have exhausted their administrative remedies, and (2) that the salary rollback actions of defendants, in the face of a budget deficit, are legally authorized by law. Thus, the defendants' motion will be granted.

---

[1] The hearing began on March 15, 1995, but was continued to allow the parties to conduct discovery.

[2] See Fitzroy v. V.I. Industrial Gases, Inc., 23 V.I. 183, 186 (1987). Pursuant to FED. R. CIV. P. 56, summary judgment must be granted when the pleadings together with depositions, answers to interrogatories and admissions on file, and affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Any doubt as to the existence of a material fact must be resolved in favor of the non-moving party. See, Board of Directors of Shibui Condominium Assoc. v. Consolidated International, Inc., 28 V.I. 57, 69 (1993).

## II.

This matter involves a suit by numerous plaintiffs, including several unions and two individual taxpayers. Essentially, the plaintiffs' Complaint challenges the legality of the Government's decision to rollback Government employees' salary increases appropriated by Act 6035, 20 Leg., Spec. Sess. Bill No. 20-0432 (1994) [Act 6035]. They contend that the defendants have failed to pay the salaries in accordance with Act 6035, and that they are paying other bills and tax refunds without the authorization of a money bill. Plaintiffs, therefore, claim that such conduct is illegal and must be enjoined.

In their motion to dismiss, defendants refute these contentions and cite Title 2 V.I.C. § 26(b)(3) and Title 33 V.I.C. § 3101 which authorize defendants to withhold salary payments when facing a deficit and funds are not available. Defendants further cite Act 6065, 20 Leg., Reg. Sess. Bill No. 20-0491 (1994) [Act 6065], the appropriation act for Fiscal Year 1995, as the money bill which appropriated the funds for the payment of the other bills. Defendants therefore contend that the rollback of the recent salary increases was executed because of a substantial deficit and lack of funds and that their actions are authorized by law. Moreover, defendants claim that plaintiffs' allegations constitute a labor dispute regarding violation of their collective bargaining agreement and that such a dispute should first be filed with the Department of Labor, not with the court.

The plaintiffs' Complaint addresses various actions, including mandamus, injunctive relief, declaratory judgment and enforcement of official bond. In deciding the defendants' motion, the court will first address the jurisdictional claim raised by defendants with regard to the union plaintiffs' failure to exhaust their administrative remedies. The court will then address the defendants' opposition to the taxpayers' injunctive claim brought by the individual plaintiffs. Resolution of these two major challenges renders the other matters moot, as being neither genuine nor material.

## III.

### A. Jurisdiction and Exhaustion

In support of their Motion to Dismiss, defendants argue that this matter is essentially a suit involving the Collective Bargaining Agreement between the government employers and the unions regarding salaries; hence, this matter is a labor dispute. Defendants further argue that because the plaintiffs' action is a labor dispute this court lacks jurisdiction to hear it since it matter must first be heard by the Public Employees Relations Board [PERB]. Though conceding that their Complaint involves issues of salaries, plaintiffs nevertheless contend that it requires the court to resolve a dispute concerning the construction and application of Sections 3 and 20 of the Revised Organic Act of 1954, as amended, regarding the payment of employee salaries in accordance with a money bill of the Virgin Islands Legislature, and that a dispute regarding the interpretation of a law is not a labor dispute.

Title 24 V.I.C. § 349(c) defines a labor dispute as:

> "any controversy concerning terms or conditions of employment, or concerning the association or representation of persons negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment regardless of whether or not the disputants stand in the proximate relation of employer and employee."

Throughout plaintiffs' Complaint, they challenge the Governor's action in suspending the pay raises, alleging that his action was a breach and impairment of the parties' Collective Bargaining Agreement. Plaintiffs also allege that Governor Roy Schneider acted in bad faith by refusing to negotiate with the unions prior to the suspension of the pay increases. It is clear from such contentions, and by plaintiffs' concession, that the defendants are being accused by plaintiffs of unfair labor practices and of breaching the parties' Collective Bargaining Agreement with respect to salaries. In applying the definition of a labor dispute to plaintiffs' contentions, there is no doubt that they fall squarely within the provisions of Title 24 V.I.C. § 349(c). This court has previously addressed the issue of what constitutes a "labor dispute" for purposes of

injunctive relief, and it has been made clear that where the dispute is over the terms and conditions of employment the union must first exhaust its administrative remedies. *See St. Thomas & St. John Police Benevolent Assoc. v. Government of the Virgin Islands et. al.,* 27 V.I. 141 (1992).

██ Plaintiffs' reliance on certain provisions of Sections 3 and 20 of the Revised Organic Act of 1954, as amended, to avoid the administrative process is misplaced. Section 3 provides in relevant part, as follows:

> No money shall be paid out of the Virgin Islands treasury except in accordance with an Act of Congress or money bill of the legislature and on warrant drawn by the proper officer.

Section 20 provides in relevant part as follows:

> The salaries . . . of . . . officers and employees of the government of the Virgin Islands . . . shall be paid by the government of the Virgin Islands at rates prescribed by the laws of the Virgin Islands.

There is no dispute whatsoever among the parties as to what these provisions mean. It is undisputed that salaries must be paid to government employees in accordance with a money bill and at rates prescribed by the laws of the Virgin Islands. But these provisions in no way prohibit the government from withholding payment of salaries when facing a deficit and funds are not available. *See* discussion of Title 2 V.I.C. § 26(c)(3) and 33 V.I.C. § 3101, *infra.* Since it is the Government's withholding of salary increases that is the crux of this dispute, plaintiffs' contentions that the primary issue is the "construction and application of Sections 3 and 20 of the Revised Organic Act" must be rejected. It is also beyond dispute that "salary" is one of the most crucial terms or conditions of employment, and that, therefore, this matter is in fact a labor dispute involving a controversy over the "negotiating, fixing, maintaining, changing or seeking to arrange the terms or conditions of employment."

██ Since the controversy is a labor dispute and the plaintiffs are seeking equitable relief, this court must be guided by the provi-

sions of Title 24 V.I.C. Chapter 13 (1993). Specifically, Title 24 V.I.C. § 346, which is one of the sections governing the issuance of injunctive relief in labor disputes, states as follows:

> No restraining order or injunctive relief shall be granted to any complainant who has failed to comply with any obligation fixed by the laws involved in the labor dispute in question, or *who has failed to make every effort to settle such dispute either by negotiation or with the aid of the Department of Labor and voluntary arbitration.* (Emphasis Added)

The statutory scheme under Chapter 13 of Title 24 V.I.C. provides for expeditious, consistent and expert settlement of labor disputes which must be utilized and exhausted before the jurisdiction of this court is exercised in labor disputes involving a claim for injunctive relief. Thus, in such cases, exhaustion of administrative remedies is mandatory.

■■ This does not mean that this court is devoid of statutory jurisdiction to entertain suits for violations of contracts between a public employer and an exclusive representative. Title 24 V.I.C. § 383(a)[3] vests such jurisdiction in the Territorial Court. *See Gomez v. Government of the Virgin Islands,* 882 F.2d 733 (3d Cir. 1989). However, this provision must be read *in pari materia* with the other provisions of the Title 24 V.I.C. Chapters 13 & 14 (1993), including Sections 346, 365, and 376; hence, they must be construed together. In particular, 24 V.I.C. § 365 outlines the powers and duties of the Public Employees Relations Board [PERB], which includes the conducting of hearings on complaints of prohibited practices by employers or employee organizations; the conducting of investigations; the administering of oaths; compelling of witnesses and

---

[3] Title 24 V.I.C. § 383 states in pertinent part:
(a) Suits for violation of contracts between a public employer and an exclusive representative, or between labor organizations, may be brought in any court of this Territory having jurisdiction of the parties, including the Federal District Court, without respect to the amount in controversy or without regard to the citizenship of the parties.
(b) Any exclusive representative of public employees of this Territory shall be bound by the acts of its agents. Any such exclusive representative may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of this Territory, including the Federal District Court . . . .

evidence by subpoena; the mediation or conciliation of disputes; and the enforcement of its orders resolving such disputes. Moreover, Title 24 V.I.C. § 376 provides for impasse procedures, and for referral to mediation or arbitration. Thus, even in non-injunctive labor cases, an aggrieved government employee, by and through his exclusive representative, may be required to follow the grievance procedures of his collective bargaining agreement and the provisions of Title 24 V.I.C. Chapter 14 prior to invoking the jurisdiction of this court. *Id.* at 737. Exhaustion in such cases is discretionary, but in the circumstances of this case the court requires that the administrative process be exhausted.

■ Whether mandatory or discretionary, the exhaustion doctrine requires an individual to avail himself of all administrative remedies prior to initiating a judicial proceeding. *See General Offshore Corp. v. Farrelly,* 25 V.I. 226, 245 (1990). There are three basic exceptions to the exhaustion doctrine: (1) when the challenged agency action presents a clear and unambiguous violation of statutory or constitutional rights, (2) when resort to administrative procedure is shown to be inadequate to prevent irreparable injury or, (3) when exhaustion is futile. *Id.* at 246 (citing *Fachchiamo v. United States Dep't. of Labor,* 859 F.2d 1163, 1167-68, (quoting *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor,* 619 F.2d 231, 245 (3d Cir. 1980))).

■ In the present case, not only have the union plaintiffs failed to initiate a proceeding before PERB, but they have failed to allege any circumstances qualifying under the foregoing exceptions. By failing to do so, and by failing to comply with Title 24 V.I.C. § 346, the union plaintiffs have failed to exhaust their administrative remedies, and therefore cannot invoke the jurisdiction of this court at this time.

### B. Taxpayers' Suit

■ The presence of the individual plaintiffs, Bernard McBean and Carver Farrow, as taxpayers provides the basis for the allegations of the Complaint that constitute the taxpayers' suit. Title 5 V.I.C. § 80 provides as follows:

> A taxpayer may maintain an action to restrain illegal or unauthorized acts by a territorial officer or employee, or the wrongful disbursement of territorial funds.

The court must therefore determine whether the defendants engaged in illegal or unauthorized conduct in effectuating the rollback of the salary increases. If so, a restraining order must be issued. If not, the action must be dismissed.

Plaintiffs contend that the defendants acted illegally by certifying the Government's January 27, 1995 payroll vouchers which implemented the rollback of the salary increases contrary to Title 33 V.I.C. § 3203(1)[4] and Sections 3 and 20 of the Revised Organic Act of 1954, as amended, and in violation of Act 6035, which appropriated the funds for the salary increases.

However, defendants argue that the Budget Director acted legally to avoid a substantial deficit projected for Fiscal Year 1995, and that their action in implementing the rollback of the salary increases was in accordance with Title 2 V.I.C. § 26(c)(3).
Title 2 V.I.C. § 26(c)(3) states:

> The Budget Director shall [m]odify or withhold the planned expenditures at any time during the appropriation period if the Director of the Budget finds *that such expenditures are greater than those necessary to execute the programs at the level authorized by the Governor and the Legislature, or that the receipts and surpluses will be insufficient to meet the authorized expenditure levels.* (Emphasis added)

Defendants also rely on the provisions of Title 33 V.I.C. § 3101 *et seq.* which prohibit the expenditure of funds in excess of funds available, and establish procedures for modification by the Budget Director. Specifically, 33 V.I.C. § 3101 provides, *inter alia,* that:

> No officer or employee of the Virgin Islands shall make or authorize an expenditure from or create or authorize an

---

[4]Title 33 V.I.C. § 3203(1) states:
Disbursing officers designated by section 3201 of this title shall (1) disburse monies only upon, and in strict accordance with vouchers duly certified by the head of the department, establishment or agency concerned, or by an officer or employee thereof duly authorized in writing by such head and approved by the Governor . . . .

128

obligation under any appropriation or fund in excess of the amount available therein . . . .

To prevail on their motion, defendants were required to show a genuine fiscal deficit[5] of at least $40 million, the amount appropriated by Act No. 6035, 20 Leg., Spec. Sess. Bill No. 20-0432 (1994). The defendants met this burden although this court reduced their claim of a deficit totalling $292 million to $145 million. The expert testimony of Budget Director Nellon Bowry and the Director of the Bureau of Internal Revenue Joanne Bozzuto, as well as defendants' exhibits, especially Exhibit 12, establish an adjusted fiscal deficit for Fiscal Year 1995 of $145 million, which includes the following three items:[6]

| ITEM | TOTAL |
|---|---|
| General Fund Cash Position at 9/30/94 | $ 34 M |
| Fiscal Year 1995 Budget Deficit | $ 46 M |
| FEMA Loan (Princ. + Int. due 9/30/94) | $ 65 M |
| **TOTAL** | **$145 M** |

The court rejected the following two items from the defendants' Exhibit 12:

| ITEM | TOTAL |
|---|---|
| Government Employees Retroactive Wages | $ 80 M |
| Unrecorded Obligations | $ 67 M |
| **TOTAL** | **$147 M** |

---

[5] BLACK'S LAW DICTIONARY, at 380 (Fifth Edition, West Publishing Co. 1979) defines deficit as "an excess of expenditures over revenues." Although the availability of cash fluctuates throughout a fiscal year, this "cash flow" does not affect deficit projections which are the bases for rollback of expenditures, including salaries.

[6] The court refused to qualify Dr. R. Howard Nelson as plaintiffs' financial expert witness. Dr. Nelson was unable to answer questions relating to basic accounting procedures and admitted that he had never before testified as such a financial expert in any other court or tribunal anywhere.

The FEMA loan indicated on defendants' Exhibit 12, totalling $65 million, is an obligation that is presently due and payable, and is therefore part of the Government's deficit. However, because the Legislature did not appropriate the necessary funds, the item indicating the Government Employees Retroactive Wages at $65 Million is not an obligation that is legally binding nor is it presently due and payable. *See* Title 24 V.I.C. § 374(h).[7] It must, consequently, be excluded from the Government's deficit determination. In addition, the item labelled "Unrecorded Obligations" was excluded from the deficit calculations because they represent unauthorized expenditures which may not be legally binding on the Government. However, even with those exclusions, it is beyond doubt that the Government is facing a genuine and substantial budget deficit of approximately $145 million for this fiscal year.

In the face of such a projected deficit, the Budget Director acted lawfully pursuant to Title 33 V.I.C. § 3104 and Title 2 V.I.C. § 26(c)(3) to modify allotments, a process that is solely a function of the Executive Branch, not the Legislative Branch. Contrary to the contention of plaintiffs, this case does not involve an issue of appropriation or re-appropriation of funds but instead involves the issue of reducing allotments due to a projected deficit and lack of funds.

At the hearing, testimony was undisputed that other allotment cutbacks were made including the reduction by 15% of government agencies' allotments which affected various other expenditures. Moreover, plaintiffs' contention that defendants were illegally disbursing Act 6035 funds for a "bevy of nurses at high salaries and . . . income tax refunds" is clearly erroneous, since those expenditures are authorized and funded by Act 6065 which

---

[7] Title 24 V.I.C. § 374(h) states:

Notwithstanding any other provision of this chapter, no contract or other instrument of agreement between an exclusive representative and a public employer which contract or instrument requires the appropriation of funds by the Legislature shall be binding as to the terms requiring appropriations until such appropriations are enacted.

*See also District 2A et al. v. Gov't of the Virgin Islands,* 794 F.2d 915 (3rd Cir. 1986) and *Gov't of the Virgin Islands v. St. Thomas-St. John Federation of Teachers, Local 1825, et al.,* Civil No. 1046/1992 (Terr. Ct. filed December 21, 1992).

130

is clearly a money bill, and the Naval Appropriation Act of July 12, 1921, 48 U.S.C. § 1397, which implements the Mirror Theory of Taxation between the United States and the Virgin Islands. See also, I.T. 2946, XIV-2 Cum. Bull. 109 (1935). Act 6065 also facilitates the 15% reduction across the board by appropriating "lump-sum" budgets for all agencies. This is additional evidence of the defendants' effort to further reduce the deficit and indicates the acquiescence of the Legislature in this effort. It also indicates that the rollback of the salary increases was insufficient to offset the deficit.

■ It is therefore clear that the defendants did not engage in illegal or unauthorized conduct when they rolled back the Act 6035 salary increases. Their actions were to help in offsetting a genuine fiscal deficit that far exceeded the amount of the salary increases that were rolled back temporarily. Indeed, the defendants have acknowledged that the Act 6035 salary increases remain an outstanding debt of the Government to its employees and that they will be paid once funds become available.[8] While such an obligation increases the overall Government debt, it nevertheless decreases the expenses that must be paid this fiscal year, thereby reducing this year's deficit. Indeed, it protects all government employees, including the plaintiffs themselves, from the more devastating options of layoffs or reduced work weeks. The defendants reasonably considered such alternatives to be more onerous than a temporary rollback of the most recent salary increases. There is no doubt, therefore, that the defendants acted in the public interest, as they are legally required to do.

## IV.

After considering the parties' oral and written arguments and reviewing the evidence offered by both sides, the court has no doubt whatsoever that defendants acted lawfully in addressing a genuine and substantial budget deficit, and therefore concludes that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law. Accordingly, this

---

[8] BLACK'S LAW DICTIONARY, at 363 (Fifth Edition, West Publishing Co. 1979) defines debt as "a fixed and certain obligation to pay money or other valuable thing, either in the present or in the future."

court holds that (1) the unions' complaint constitutes a labor dispute which cannot be entertained until they have exhausted their administrative remedies, and (2) the actions of defendants in suspending the government employees' salary increases are legally valid, and, in view of the fiscal deficit, constitute an authorized exercise of the discretionary power of the Executive Branch of the Virgin Islands Government. Thus, defendants' motion will be granted.

## SUMMARY JUDGMENT

This matter having come before the court on defendants' Motion to Dismiss or their alternative Motion for Summary Judgment; and having considered the submissions of the parties; and for the reasons stated in the court's Opinion of this date, it is hereby,

ADJUDGED, that the defendants' motion is GRANTED; and it is further,

ADJUDGED, that judgment is hereby entered in favor of defendants, and that plaintiffs' Complaint is hereby DISMISSED.