IN THE SUPERIOR COURT



**FILED**

October 05, 2021 04:59 PM
SX-2021-CV-00644
**TAMARA CHARLES**
**CLERK OF THE COURT**

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| MELISIA HANLEY, IN HER CAPACITY AS CHAIR OF THE VIRGIN ISLANDS STATE NURSES' ASSOCIATION COLLECTIV BARGAINING UNIT AND JACQUELINE CANTON, IN HER CAPACITY AS CHAIR OF THE REGISTERED NURSES' LEADERSHIP UNION, INC., <br><br> PLAINTIFFS, <br><br> v. <br><br> VIRGIN ISLANDS GOVERNMENT HOSPITAL FACILITIES CORPORATION, JUAN F. LUIS HOSPITAL AND MEDICAL CENTER, AND SCHNEIDER REGIONAL MEDICAL CENTER, <br><br> DEFENDANTS. | Civil No. SX-2021-CV-00644 <br><br> ACTION FOR INJUNCTIVE RELIEF <br><br> TEMPORARY RESTRAINING ORDER; PRELIMINARY INJUNCTION; PERMANENT INJUNCTION <br><br> CITE AS: 2021 VI SUPER 100 |

**Appearances:**
**Earnesta L. Taylor, Esq.**
McChain Hamm & Associates
Christiansted, St. Croix
*For Plaintiffs*

**Venetia H. Velazquez, Esq.**
Virgin Islands Department of Justice
Kingshill, St. Croix
*For Defendants*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1    THIS MATTER came before on Plaintiff Melisia Hanley, in her capacity as Chair of the Virgin Islands State Nurses' Association Collective Bargaining Unit (hereinafter "Hanley") and Plaintiff Jaqueline Canton, in her capacity as Chair of the Registered Nurses' Leadership Union, Inc.'s (hereinafter "Canton" and together with Plaintiff Hanley, "Plaintiffs") amended emergency

motion for a temporary restraining order, preliminary injunction, and permanent injunction whereby Plaintiffs moved the Court to issue a temporary restraining order to enjoin Defendant Virgin Islands Government Hospital and Health Facilities Corporation (hereinafter "VIGHHFC"), Defendant Governor Juan F. Luis Hospital Medical Center (hereinafter "JFL"), and Defendant Schneider Regional Medical Center (hereinafter "SRMC" and together with Defendant VIGHHFC and Defendant JFL, "Defendants") from enforcing the Territorial COVID-19 Mandatory Vaccination Policy, filed on August 19, 2021. In response, Defendants filed a motion to dismiss Plaintiffs' complaint and amended emergency motion, filed on August 20, 2021. Subsequently, Plaintiffs file an opposition to Defendants' motion to dismiss and Defendants filed a reply thereto.

## BACKGROUND

¶ 2     On or about August 4, 2021, Defendant VIGHHFC approved the Territorial COVID-19 Mandatory Vaccination Policy, which was in effect at the time of Plaintiffs' filings. (Aug. 20, 2021 Motion, p. 4.) The Territorial COVID-19 Mandatory Vaccination Policy that was approved on or about August 4, 2021 was subsequently revised on August 19, 2021, which provided, *inter alia,* that "[a]ll employees are required to provide proof of complete vaccination…on or before October 1, 2021 or within two (2) days of receiving the second shot" and that "any SRMC or [JFL] employee who works physically on-site at SRMC or JFL facilities who has not provided proof of complete vaccination by October 1, 2021, or (ii) [sic] does not have an approved exemption/reasonable accommodation as provided in this policy will be suspended until compliance is proven or terminated." (Aug. 20, 2021 Motion, Ex. I-2.)

¶ 3     On August 16, 2021, Plaintiff Hanley filed an emergency motion for a temporary restraining order, preliminary injunction, and permanent injunction whereby Plaintiffs moved the

Court to issue a temporary restraining order against to enjoin Defendants from enforcing the Territorial COVID-19 Mandatory Vaccination Policy.

¶ 4     On August 19, 2021, Plaintiffs filed a complaint against Defendants. According to the complaint: (i) "This is an action for a Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Violation of Policies and Procedures, and Breach of the Collective Bargaining Agreement based on Defendants' actions resulting in violations as it pertains to due process violations, possible wrongful termination of nurses covered by the parties' collective bargaining agreement, failure to negotiate terms and conditions of employment prior to implementation and the establishment of new rules, policies and procedures all in violation of the parties collective bargaining agreement." (Compl. ¶ 2); (ii) the Virgin Islands State Nurses' Association Collective Bargaining Unit (hereinafter "VISNACBU") and Defendants had entered into a collective bargaining agreement and and the Registered Nurses' Leadership Union, Inc. (hereinafter "RNLU") and Defendants had entered into a collective bargaining agreement (each a "CBA," or collectively, "CBAs"). (Compl. ¶¶ 8-9); (iii) The CBAs were "in full force and effect at the time of the occurrence of the violations alleged in Plaintiffs' Motion and supplemental pleadings." (Compl. ¶ 10); (iv) "Pursuant to the terms of the Parties' CBAs the 'terms and conditions of employment" must be negotiated prior to implementation of new policies and procedures that affect the conditions of employment of nurses.'" (Compl. ¶ 15); (v) "Termination and disciplinary action by the Defendant employer are subject to due process procedures under the Parties' CBA which are materially affected as a result of the Defendant's new COVID Vaccine policy." (Compl. ¶ 17); (vi) "Prior to implementation of employer policies and procedures, the Parties' CBAs require Defendants provide notice of the proposed policy and procedure." (Compl. ¶ 18); (vii) "The Defendants made the [Territorial COVID-19 Mandatory Vaccination Policy]

effective in violation of the terms of the Parties' CBA." (Compl. ¶ 19);[1] and (viii) "Plaintiffs and their affected members should be protected from the devastating impact of violations of the CBAs…" (Compl. ¶ 20.)[2] The complaint did not set forth any counts designating specific causes of action.

¶ 5     On the same date, August 19, 2021, Plaintiffs also filed an amended emergency motion for a temporary restraining order, preliminary injunction, and permanent injunction whereby Plaintiffs moved the Court to issue a temporary restraining order to enjoin Defendants from enforcing the Territorial COVID-19 Mandatory Vaccination Policy.

¶ 6     On August 20, 2021, Assistant Attorney General Venetia H. Velazquez, Esq. filed a notice of appearance on behalf of Defendants. On the same date, Defendants filed a motion to dismiss Plaintiffs' complaint and amended emergency motion. Thereafter, Plaintiffs filed an opposition to Defendants' motion to dismiss, Defendants file a reply thereto.

## DISCUSSION

¶ 7     In their amended emergency motion, Plaintiffs requested the Court to enter a temporary restraining order to stop Defendants from "wrongfully enforcing [the Territorial COVID-19 Mandatory Vaccination Policy] requiring all employees, including employees who are members of [VISNACBU] and RNLU and who are covered under the Parties' CBAs, to take the COVID-19 vaccine or face termination of employment." (Aug. 19, 2021 Motion, p. 4.) Plaintiffs made the following assertions in support of their request: (i) The Territorial Covid-19 Mandatory Vaccination Policy "was issued without prior notice to Employees and Plaintiffs and in violation

---

[1] The paragraph following paragraph 18 should be paragraph 19, but it was inadvertently numbered "15" again.

[2] The paragraph following paragraph 19 should be paragraph 20, but it was inadvertently numbered "16" again.

of the terms of the CBA." (Id., at pp. 3-4); (ii) "[T]he actions of Defendants are in violations of Virgin Islands Unfair Labor Practice laws under Title 24 V.I.C. § 378" and more specifically, "in violation of, subsection (5)...subsection (7) ...and subsection (8)." (Id., at pp. 5, 11); (iii) "Plaintiffs will be irreparably harmed if the Defendants are not enjoined from enforcing [the Territorial Covid-19 Mandatory Vaccination Policy]"—to wit, "Employees stand to lose their jobs at the only two hospitals in the Territory, wages, benefits and the bargained for consideration under the parties' CBAs" and "Employees are under threat of discipline, employment termination, and to remain employed, are being forced to take a substance into their body that the long-term effects of which are unknown." (Id., at p 6; *see also* Id., at pp. 13-14); (iv) "The balance of hardships weighs in the favor of granting the injunctive relief"—to wit, "[i]f the injunction is entered, and the Defendants abide by the terms of the CBA and the applicable statute, Plaintiffs and Defendants would be able to address the immediate concern of protecting against the spread of COVID-19, implementation of reasonable policies and procedures agreeable to the Parties" and "[t]he Parties have historically entered into stipulations to modify the portions of the CBAs that are affected by the proposed employer policy." (Id., at pp. 6-7; *see also* Id., at p. 15); (v) "Plaintiffs are likely to prevail on the merits"—to wit, "[t]he Defendants have failed to honor the provisions of the CBA and Virgin Islands Code" and "Defendants' actions constitute tortuous interference with the Plaintiff's rights under the CBA and are a breach of the Parties contract." (Id., at p. 7; *see also* Id., at p. 13); and (vi) "Granting the injunction will serve the public interest"—to wit, "[t]he public has an interest in a reliable system and supply of health care services," "[t]he potential loss of over 50% of the nursing staff because of enforcement of [the Territorial Covid-19 Mandatory Vaccination Policy] can be avoided," and "[t]he very institutions responsible for ensuring the

Territory has a system of health care to serve the people in the Territory are jeopardizing the health care delivery system in the Territory." (Id.; *see also* Id., at p. 17.)

¶ 8      In their motion to dismiss, Defendants[3] argued that the Court should dismiss Plaintiffs' amended emergency motion. Defendants made the following assertions in support of their argument: (i) Plaintiffs' complaint and amended emergency motion should be dismissed "for lack of subject matter jurisdiction" because (a) "[i]n implementing the mandatory vaccination policy governing hospital employees, the VIGHHFC acted well within its statutory authority to take appropriate action during an emergency"[4] and (b) "[t]his Court further has no jurisdiction to issue a temporary or permanent injunction in cases regarding a labor dispute, except under the five enumerated distinct factual circumstances which are not relevant here."[5] (Aug. 20, 2021 Motion, pp. 1, 6, 10-11) (emphasis omitted); (ii) "The Court lacks jurisdiction to issue a temporary restraining order without a hearing... and further lacks jurisdiction to enter a preliminary or permanent injunction under the facts of this case" under Title 24 V.I.C. § 345. (Id., at pp. 9-11); (iii) "Plaintiffs[' amended emergency motion] failed to comply with the strictures of V.I. R. Civ. P. 65(b), which further prevent the Court from granting a TRO in Plaintiffs' favor, without giving VIGHHFC the requisite opportunity to be heard"—to wit, "Plaintiffs have...failed to set forth, by affidavit or verified Complaint, specific facts to clearly establish that they will suffer immediate and irreparable injury or damage before the defendants can be heard in opposition" and "Plaintiffs

---

[3] Defendants noted that "[n]either [JFL] nor [SMRC] are entities with the legal capacity to sue or be sued." (Aug. 20, 2021 Motion, p. 1, n.1.)

[4] Defendants referenced: Title 24 V.I.C. § 374(b)(6).

[5] Defendants referenced: Title 24 V.I.C. § 345(a)–(e) (stating facts, from the verified Complaint which must be supported by testimony and found by the court; listing factors in the conjunctive); *Galloway v. People of the V.I.*, 57 V.I. 693, 702 (2012) (noting that both common sense and the traditional rules of English grammar dictate that in the context where the word "and" is used, all three items in the list must apply) (citations omitted).

failed to post security."[6] (Id., at pp. 2, 11, 13) (emphasis omitted); and (iv) "Plaintiffs' Complaint and/or Motion additionally fails to state a claim for which relief is available, in that it fails to state any facts to support the mandatory factors in the statute, which are required to support any finding for relief."[7] (Id., at p. 10.) Thus, Defendants requested the Court to dismiss Plaintiffs' complaint and amended emergency motion, but "to the extent the Court determines otherwise...order that Plaintiffs post bonds in the amount of $100,000." (Id., at p. 14.)

¶ 9    In their opposition, Plaintiffs argued that the Court has jurisdiction over this matter. Plaintiffs made, *inter alia*, the following assertions in support of their argument: (i) "[I]n addition to V.I. R. Civ. P. 65 and 4 V.I.C. 76, under Article [sic] 5 V.I.C. 1142 which permits a suit against Defendant The Virgin Islands Government Hospital and Health Facilities Board, a public corporation."[8] (Opp., p. 3); (ii) "The issues before this Court include claims based on infringement of disability rights which are separate and apart from the terms of the collective bargaining agreement of the parties, the genesis which rests with the decision of the hospitals to require all employees needing an accommodation to submit an exemption form. (Id., at pp. 3-4); (iii) "This Court has jurisdiction over issues that are ancillary to matters involving a labor dispute" (Id., at p. 4); and (iv) "An action arising under a statute indirectly related to a labor dispute is properly before

---

[6] Defendants referenced: V.I. R. Civ. P. Rule 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The Government of the Virgin Islands, its officers, and its agencies are not required to give security."); *Yusuf v. Hamed*, 59 V.I. 841, 860 (2013) (citing *Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 240 (3d Cir. 2003)) ("The purpose of this security is to guarantee that the enjoined party will be compensated for the expenses of complying with an erroneously issued injunction, as well as placing the moving party on notice of the maximum amount of compensation it could be forced to pay.").

[7] Defendants referenced: Title 24 V.I.C. § 345.

[8] Plaintiffs referenced: Title 5 V.I.C. § 1142(b).

this Court for issuance of a Temporary Restraining Order."[9] (Id.) Plaintiffs also argued that the Territorial Covid-19 Mandatory Vaccination Policy is not narrowly tailored and that Covid-19 is no longer an emergency. (Id., at pp. 7-11.)

¶ 10    In their reply, Defendants pointed out, *inter alia*, the following in support of their argument for dismissal: (i) "Plaintiffs' Complaint challenged the Defendants' vaccination policy based solely on their arguments that the policy's adoption and implementation alleged violated their collective bargaining agreements." (Reply, p. 1); (ii) "[T]his case involves or grows out of a labor dispute, concerning the terms and conditions of their employment." (Id., at p. 3); (iii) "The Virgin Islands is under a declared state of emergency." (Id., at p. 5); (iv) While Plaintiffs "speculate[d] as to some possible American with Disabilities Act violation[,] [t]hese hypothetical arguments were never raised by the Plaintiffs in their Complaint." (Id., at p. 6); (v) This matter is "not properly before this Court as a matter of law, given the mandates of 24 V.I.C. § 345, 349 and 374(b)(6). (Id., at p. 8); and (vi) "No amount of hypothesizing, speculating and circular reasoning can excuse the statutory requirements and the Plaintiffs' inability and failure to meet them in this case. (Id.)

### 1. Plaintiffs' Amended Emergency Motion for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, Filed on August 19, 2021

¶ 11    Chapter 13, Title 24 of the Virgin Islands Code governs injunctions in labor disputes. Title 24 V.I.C. § 341 provides that "[n]o court of the Virgin Islands shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in strict accordance with the provisions of this chapter." Here, Plaintiffs moved the Court to issue a temporary restraining order, preliminary injunction, and permanent

---

[9] Plaintiffs referenced: *St. Thomas & St. John Police Benev. Ass'n v. Government of the V.I. et. al.*, 27 V.I. 141 (1992).

injunction. Thus, if the Court determines that this a case involving or growing out of a labor dispute, then Chapter 13, Title 24 of the Virgin Islands Code is applicable.

¶ 12    Title 24 V.I.C. § 349 provides illustrations of when a case shall be held to involve or to grow to of a labor dispute and provides the definition of the term "labor dispute."[10] Here, this case involves persons "who are engaged in the same industry"—to wit, the medical industry, and persons "who are employees of the same employer" and "who are members of the same (or) of an affiliated organization of...employees"—to wit, the members of VISNACBU and RNLU are employed by Defendant VIGHHFC. Furthermore, the dispute is "between one or more employers...and one or more...associations of employees"—to wit, Plaintiffs, acting in their capacities as chairs of their respective organizations of employees, VISNACBU and RNLU, commenced this lawsuit against their members' employer, Defendant VIGHHFC, and the dispute includes controversy concerning "terms or conditions of employment or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange

---

[10] Title 24 VIC § 349 provides:

> When used in this chapter, and for the purposes hereof:
>
> (a) A case shall be held to involve or to grow out of a labor dispute when the case involves persons who are engaged in the same industry, trade, craft, or occupation, or have direct or indirect interest therein; or who are employees of the same employer; or who are members of the same (or) of an affiliated organization of employers or employees; whether such dispute is (1) between one or more employers or associations of employers and one or more employees or associations of employees; (2) between one or more employers or associations of employers and one or more employers or associations of employers; or (3) between one or more employees or associations of employees; and one or more employees or associations of employees; or when the case involves any conflicting or competing interests in a labor dispute of persons participating or interested therein.
>
> (b) A person or association shall be held to be a person participating or interested in a labor dispute if relief is sought against said person or association, or if any of them is engaged in the same industry, trade, craft, or occupation in which such dispute occurs, or has a direct or indirect interest therein, or is a member, officer, or agent of any association composed in whole or in part of employers or employees engaged in such industry, trade, craft or occupation.
>
> (c) The term "labor dispute" includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment regardless of whether or not the disputants stand in the proximate relation of employer and employee.

terms or conditions of employment"—Plaintiffs' complaint alleged, *inter alia*, that "[p]ursuant to the terms of the Parties' [collective bargaining agreements] the 'terms and conditions of employment' must be negotiated prior to implementation of new policies and procedures that affect the conditions of employment of nurses." (Compl. ¶ 15.) In other words, this matter is a lawsuit between a government employer and the unions representing the employees regarding changes made to the terms and conditions of employment by the implementation of the Territorial COVID-19 Mandatory Vaccination Policy mandating that all employees are required to provide proof of complete vaccination by a certain date or be suspended until compliance is proven or terminated. As such, the Court finds that this is a case involving or growing out of a labor dispute.

¶ 13    Given the Court's finding that this is a case involving or growing out of a labor dispute, and that Plaintiffs moved the Court to issue a temporary restraining order, preliminary injunction, and permanent injunction, the Court must act "in strict accordance with the provisions of this chapter [13]." Title 24 V.I.C. § 341. Under Title 24 V.I.C. § 346, "[n]o restraining order or injunctive relief shall be granted to any complainant who has failed to comply with any obligation fixed by the laws involved in the labor dispute in question, or who has failed to make every effort to settle such dispute either by negotiation or with the aid of the Department of Labor and voluntary arbitration." Title 24 V.I.C. § 346. Thus, Plaintiffs were statutorily required to comply with all the obligation "fixed by the laws involved in the labor dispute in question" and make every effort "to settle such dispute either by negotiation or with the aid of the Department of Labor and voluntary arbitration" before moving the Court for a temporary restraining order or injunctive relief. *See e.g., McBean v. Gov't of the V.I.*, 32 V.I. 120, 126 (V.I. Terr. Ct. 1995) ("The statutory scheme under Chapter 13 of Title 24 V.I.C. provides for expeditious, consistent and expert settlement of labor disputes which must be utilized and exhausted before the jurisdiction of this court is exercised in

*Hanley v. VIGHHFC, et al.*
SX-2021-CV-644
**Memorandum Opinion and Order**                                    **2021 VI SUPER $\lfloor OO \rfloor$**
Page 11 of 18

labor disputes involving a claim for injunctive relief."); *see also St. Thomas & St. John Police*

*Benevolent Ass'n v. V.I. Police Dep't*, 2016 V.I. LEXIS 132 (V.I. Super. Ct. Aug. 31, 2016). Here,

there is no evidence, and Plaintiffs' amended emergency motion is devoid of any allegations, to

suggest that Plaintiffs have complied with all the obligation "fixed by the laws involved in the

labor dispute in question" or that Plaintiffs have made every effort "to settle such dispute either by

negotiation or with the aid of the Department of Labor and voluntary arbitration" as required by

Title 24 V.I.C. § 346.[11] As such, "in strict accordance with the provisions of [Chapter 13, Title 24

---

[11] "The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning." *Miller v. People of the V.I.*, 67 V.I. 827, 844 (2017). It is well settled that when the language of a statute is plain and unambiguous, no further interpretation is required. *See, Thomas v. People of the V.I.*, 69 V.I. 913, 925 (V.I. 2018) (noting that "because 'the statutory language [of 14 V.I.C. § 2101(a)] is plain and unambiguous, no further interpretation is required'"); *see also, Codrington v. People of the V.I.*, 57 V.I. 176, 185 (2012) ("Accordingly, when the language of a statute is plain and unambiguous, a court does not look beyond the language of the statute in interpreting the statute's meaning."). "The Virgin Islands Legislature has instructed that "[w]ords and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language." Title 1 V.I.C. § 42; *Miller*, 67 V.I. at 844. Title 24 VIC § 346 provides that "[n]o restraining order or injunctive relief shall be granted to any complainant who has failed to comply with any obligation fixed by the laws involved in the labor dispute in question, or who has failed to make every effort to settle such dispute either by negotiation or with the aid of the Department of Labor and voluntary arbitration." Title 24 VIC § 346. This language is not ambiguous. The word "shall" imposes a clear requirement for the complainant to comply with all the obligation "fixed by the laws involved in the labor dispute in question" and to make every effort "to settle such dispute either by negotiation or with the aid of the Department of Labor and voluntary arbitration" before the Court can grant a restraining order or injunctive relief.

Some Virgin Islands courts have referred to the requirement under Title 24 VIC § 346 as an exhaustion of administrative remedies requirement and have held that there are three basic exceptions to such a requirement. *See e.g., McBean*, 32 V.I. at 126-27 ("The statutory scheme under Chapter 13 of Title 24 V.I.C. provides for expeditious, consistent and expert settlement of labor disputes which must be utilized and exhausted before the jurisdiction of this court is exercised in labor disputes involving a claim for injunctive relief. Thus, in such cases, exhaustion of administrative remedies is mandatory...There are three basic exceptions to the exhaustion doctrine: (1) when the challenged agency action presents a clear and unambiguous violation of statutory or constitutional rights, (2) when resort to administrative procedure is shown to be inadequate to prevent irreparable injury or, (3) when exhaustion is futile."); *Aft, Local 1825 v. Gov't of the V.I.*, 32 V.I. 44, 47 (V.I. Terr. Ct. 1995); *Pate v. Gov't of the V.I.*, 62 V.I. 271, 288 (V.I. Super. Ct. April 17, 2015) (noting that plaintiffs suing government agencies may be statutorily required, such as under Title 24 VIC § 346, to first exhaust any available administrative remedies before seeking redress through the Court, and that "the 'exceptions to the exhaustion requirement of (1) futility, (2) violation of statutory or constitutional rights, and (3) inadequate to prevent irreparable harm' 'apply even in instances where a statutory scheme explicitly provides for administrative remedies.'"). While the Court can certainly understand why other courts have referred to the requirement under Title 24 VIC § 346 simply as an exhaustion of administrative remedies requirement, the Court does not agree to the exceptions. There is nothing in the statute to suggest that the Legislature intended to grant the Court the authority to create exceptions or the discretion to disregard the requirement. If the drafters of the statute intended to give the Court authority to create exception or the discretion to disregard the requirement, they clearly could have done so by including the exceptions or using permissive language. As such, the Court will give

of the Virgin Islands Code]," Title 24 V.I.C. § 341, the Court will deny Plaintiffs' amended emergency motion and deny as moot Defendants' motion to dismiss as to Plaintiffs' amended emergency motion.

### 2. Defendants' Motion to Dismiss Plaintiffs' Complaint and Amended Emergency Motion, Filed on August 20, 2021.

¶ 14    In light of the Court's ruling above regarding Plaintiffs' amended emergency motion, the Court will address Defendants' motion to dismiss only as to their argument for dismissal of Plaintiffs' complaint.

### A. Defendant JFL and Defendant SRMC

¶ 15    Defendants noted in their motion that neither Defendant JFL nor Defendant SRMC "are entities with the legal capacity to sue or be sued." (Aug. 20, 2021 Motion, p. 1, n.1.) In *Juan F. Luis Hosp. & Med. Ctr., & Gov't of the V.I. ex rel. Governor Juan F. Luis Hosp. & Med. Ctr. v. Titan Med. Grp., LLC*, the Virgin Islands Supreme Court held that "[Governor Juan F. Luis Hospital] is not a separate entity subject to suit and must be dismissed from this case." 69 V.I. 873, 886 (V.I. 2018). The Virgin Islands Supreme Court explained that "[t]he Legislature, by largely referring to JFL Hospital as a mere 'facility' and declining to recognize it — as opposed to the VIHHFC — as a 'public corporation' with authority to 'sue and be sued,' did not evidence an intent to subject JFL Hospital to suit." *Id.*, 69 V.I. at 885. Thus, the Virgin Islands Supreme Court concluded that "[b]ecause JFL Hospital is not a separate legal entity empowered to sue and be sued, the Superior Court erred by entering its July 14, 2015 judgment order awarding summary judgment against it" and "[t]herefore, we vacate in part the Superior Court's July 14, 2015

---

effect to the plain words of the statute and hold that the requirement under Title 24 VIC § 346 is applicable here without any exceptions.

judgment order and remand for further proceedings with directions that the Superior Court dismiss [Governor Juan F. Luis Hospital] from this case." *Id.*, 69 V.I. at 886. The Court finds that the Virgin Islands Supreme Court's holding in *Juan F. Luis Hosp. & Med. Ctr.* should similarly be extended to Roy L. Schneider Hospital (also known as Schneider Regional Medical Center) since it is also recognized as a facility, and thus, similarly not subject to suit. *See* Title 19 V.I.C. § 248 (defining "[h]ealth care facility" as the Roy L. Schneider Hospital, Juan F. Luis Hospital, the Myrah Keating Smith Community Health Center and clinics, owned, operated or managed by the Department of Health"); *see also*, Title 19 V.I.C. § 241(g) (defining "[h]ealth care facilities" and "health facilities" as "the hospitals and clinics under the jurisdiction of the corporation"). As such, consistent with the Virgin Islands Supreme Court's holding in *Juan F. Luis Hosp. & Med. Ctr.*, the Court will dismiss the case against Defendant JFL and Defendant SRMC.

### B. Lack of Subject Matter Jurisdiction

¶ 16    Defendants essentially argued that the Court lacks jurisdiction over this matter due to Title 24 V.I.C. §§ 345, 349, and 374(b)(6). The Court disagrees. In fact, under Title 24 V.I.C. § 345, the Court has jurisdiction to grant or deny a request for a temporary or permanent injunction after certain procedures are followed. As to the latter two sections, it is unclear how they would deprive the Court of jurisdiction—to wit, Title 24 V.I.C. § 349 merely provides the definitions to be used in that chapter, and Title 24 V.I.C. § 374(b)(6) addresses the scope and limitations of the negotiations between a public employer and an exclusive representative. The fact that Defendants conclusively stated in their motion that Defendant VIGHHFC acted "within its statutory authority to take appropriate action during an emergency" pursuant to Title 24 V.I.C. § 374(b)(6) and that the five factors listed under Title 24 V.I.C. § 345 "are not relevant here," does not in and of itself

deprive the Court of subject matter jurisdiction. As such, the Court will not dismiss Plaintiffs' complaint for lack of subject matter jurisdiction.

### C. Failure to State a Claim

¶ 17    As noted above, Plaintiffs did not set forth any counts designating specific causes of action in their complaint. Nevertheless, the Court finds that the complaint alluded to a claim for injunctive relief and a claim for breach of contract when Plaintiffs alleged that "[t]his is an action for a Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Violation of Policies and Procedures, and Breach of the Collective Bargaining Agreement based on Defendants' actions." (Compl. ¶ 2.)

¶ 18    Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 12(b)(6)") allows a party to assert the defense of "failure to state a claim upon which relief can be granted" by motion and move for dismissal. The Rule 12(b)(6) motion tests the sufficiency of the complaint. Rule 8 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 8") requires, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief -- because this is a notice pleading jurisdiction -- and the pleading shall be set forth in separate numbered paragraphs as provided in Rule 10(b), with separate designation of counts and defenses for each claim identified in the pleading." V.I. R. CIV. P. 8(a)(2). As a notice pleading jurisdiction, "[a] complaint is sufficient 'so long as it adequately alleges facts that put an accused party on notice of claims brought against it.'" *Oxley v. Sugar Bay Club & Resort Corp.*, 2108 V.I. LEXIS 81. *3 (V.I. Super. Ct. May 14, 2018) (quoting *Mills-Williams*, 67 V.I. at 585; *accord Arno*, 71 V.I. at 501 ("'Plead the who, what, where, when, and how — sufficient information to put a defendant on notice of the conduct and actions the plaintiff complains of.'" (brackets and citation omitted)). "When ruling on a motion to dismiss for failure to state a claim, the court does not address the

merits." *Oliver v. Terminix Int'l Co.*, 73 V.I. 210, 214 (V.I. Super. Ct. April 26, 2020); accord *Arno*, 71 V.I. at 494. Instead, courts 'assume all reasonable factual allegations in the complaint as true and draw all fair inferences from such allegations.'" *Arno*, 71 V.I. at 494 (quoting *In re Kelvin Manbodh Asbestos Litig. Seiers*, 47 V.I. 375, 380 (V.I. Super. Ct. March 3, 2006)). However, "[a]llegations will not be reasonable, nor will inferences in favor of the plaintiff be fair, where they contradict facts either contained in the public record or judicially noticed by the Court." *In re Kelvin Manbodh Asbestos Litig. Series*, 47 V.I. at 380.

### a. Claim for Injunctive Relief

¶ 19    Based on the Court's finding above, the Court finds that Plaintiffs have failed to state a claim upon which injunctive relief can be granted based on Plaintiffs' failure to comply with Title 24 V.I.C. § 346. However, Defendants did not argue in their motion for the dismissal Plaintiffs' claim for injunctive relief based on Plaintiffs' failure to comply with Title 24 V.I.C. § 346; instead, Defendants argued for the dismissal of Plaintiffs' claim for injunctive relief based on Plaintiffs' failure to comply with Title 24 V.I.C. § 345. As such, the Court will deny Defendants' motion to dismiss Plaintiffs' complaint as to Plaintiffs' claim for injunctive relief but *sua sponte*[12] dismiss without prejudice Plaintiffs' claim for injunctive relief.[13]

---

[12] The Court has the authority to amend Plaintiffs' pleading and eliminate a frivolous claim. *See e.g.*, V.I. R. CIV. P. 15-2 ("The court may amend any process or pleading for any omission or defect therein, or for any variance between the complaint and the evidence adduced at the trial."); V.I. R. CIV. P. 16(c)(2)(A)-(B) ("At any pretrial conference, the court may consider and take appropriate action on the following matters: (A) formulating and simplifying the issues, and eliminating frivolous claims or defenses; (B) amending the pleadings if necessary or desirable;...").

[13] Plaintiffs may move to amend their pleading and add a claim for injunctive relief upon compliance with Title 24 VIC § 346.

### *b. Claim for Breach of Contract*

¶ 20    Defendants' motion to dismiss did not directly address, nor make any arguments, for the dismissal of Plaintiffs' claim for breach of contract. However, to be fair to be Defendants, Plaintiffs' complaint was not compliant with the general rules of pleading under Rule 8—to wit, Plaintiffs' complaint did not set forth counts in separate numbered paragraphs with separate designation of the specific names of each count in the pleadings. *See* V.I. R. CIV. P. 8(a)(2). As such, the Court will deny without prejudice Defendants' motion to dismiss Plaintiffs' complaint as to Plaintiffs' claim for breach of contract but order Plaintiffs to file a proposed first amended complaint in compliance with Rule 8.

## CONCLUSION

¶ 21    Based on the foregoing, the Court will: (i) deny Plaintiffs' amended emergency motion, (ii) deny as moot Defendants' motion to dismiss as to Plaintiffs' amended emergency motion, (iii) deny Defendants' motion to dismiss as to Plaintiffs' claim for injunctive relief, (iv) dismiss without prejudice Plaintiffs' claim for injunctive relief, (v) deny without prejudice Defendants' motion to dismiss as to Plaintiffs' claim for breach of contract, and (vi) dismiss the case against Defendant JFL and Defendant SRMC. Accordingly, it is hereby:

**ORDERED** that Plaintiffs' amended emergency motion for a temporary restraining order, preliminary injunction, and permanent injunction against Defendants, filed on August 19, 2021, is **DENIED**. It is further:

**ORDERED** that Defendants' motion to dismiss Plaintiffs' complaint and amended emergency motion, filed on August 20, 2021, is **DENIED AS MOOT** as to Plaintiffs' amended emergency motion. It is further:

**ORDERED** that Defendants' motion to dismiss Plaintiffs' complaint and amended emergency motion, filed on August 20, 2021, is **DENIED** as to Plaintiffs' claim for injunctive relief. It is further:

**ORDERED** that Plaintiffs' claim for injunctive relief shall be and is hereby **DISMISSED WITHOUT PREJUDICE**. It is further:

**ORDERED** that Defendants' motion to dismiss Plaintiffs' complaint and amended emergency motion, filed on August 20, 2021, is **DENIED WITHOUT PREJUDICE** as to Plaintiffs' claim for breach of contract.

**ORDERED** that the case against Defendant JFL and Defendant SMRC is **DISMISSED**. It is further:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order**, Plaintiffs shall file a proposed first amended complaint **CONSISTENT** with this Memorandum Opinion and Order and **IN COMPLIANCE** with the Virgin Islands Rules of Civil Procedure—including, but not limited to, setting forth counts in separate numbered paragraphs with separate designation of the specific names of each count in the pleadings as required under Rule 8. It is further:

**ORDERED** that Plaintiff shall file (i) a redline copy of the new proposed first amended complaint reflecting the changes made to the initial complaint and (ii) a clean copy of the new proposed first amended complaint, in compliant with Rule 15-1 of Virgin Islands Rules of Civil Procedure, which requires "[a] party moving to amend a pleading...[to] attach a complete—and properly signed—copy of the proposed amended pleading to the motion papers" and "must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleading by reference." **And** it is further:

      **ORDERED** that Plaintiff is notified that failure to comply with this order may result in the

dismissal of this case without prejudice.

      **DONE and so ORDERED this** 5th **day of October 2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
      Court Clerk Supervisor

Dated: 10/5/2021

                  HAROLD W.L. WILLOCKS
          **Presiding Judge of the Superior Court**